# Kramer, Appellant, *v.* Slattery.

*Real estate—Seated lands—Tax sales—Validity.*

To support the validity of a title to seated land purchased at a tax sale, it is necessary to show that the tax was legally assessed and that a demand was made for the same on the owner individually prior to the sale.

The law fixes the liability for tax to be, first, the personal property on the place; secondly, the demand on the owner individually, and lastly, on the land itself, and it is only on the failure to collect by either of the first two methods that resort can be had to the third, and the land be legally sold or returned for sale. The collector proceeding directly against the land, except under the prescribed conditions, is without warrant of law and liable as a trespasser.

The right to make a sale of real estate for unpaid taxes is wholly statutory and to give validity to such sale the statute must be complied with. It is essential that a tax was assessed by the proper authorities, and that two years have elapsed from the time the tax became payable before the sale.

In an action of assumpsit for the value of a quantity of culm located on land to which the plaintiff asserted title under a tax sale, where there was failure to show that the original owner of the land so sold had refused or neglected to pay the tax for the space of two years before the sale, the title is defective, and a nonsuit was properly granted.

Argued December 8, 1919. Appeal, No. 249, Oct. T., 1918, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1918, No. 235, refusing to strike off nonsuit in the case of W. L. Kramer v. John Slattery. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for the value of culm or coal dirt. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to strike off. Plaintiff appealed.

362    KRAMER, Appellant, *v.* SLATTERY.

Assignment of Errors—Opinion of the Court. [73 Pa. Superior Ct.

*Errors assigned* were various rulings on evidence and the order of the court.

*Edmund D. Smith,* and with him *W. L. Kramer,* for appellant.—The tax assessment against the property in question was valid: McClement's App., 2 Pa. Superior Ct. 443; Lyman v. Phila., 56 Pa. 503; Theobald v. Sylvester, 27 Pa. Superior Ct. 362.

The date of levying the tax rate is the date on which the tax became due and payable: Preswick v. McGrew, 107 Pa. 43; Hathaway v. Elsbree, 54 Pa. 498; Miller v. Hale, 26 Pa. 432; Trexler v. Africa, 2 Pa. Superior Ct. 385; Heft v. Gephart, 65 Pa. 510.

*John F. Whalen,* and with him *George Ellis,* for appellee.—No jurisdictional fact necessarily prerequisite to a tax sale will be presumed: Huston v. Foster, 1 Watts 477; Gault's App., 33 Pa. 94; Whitworth on Tax Sales and Titles, 116; Kean v. Kinnear, 171 Pa. 639; Norris v. D., L. & W. R. R. Co., 218 Pa. 88; Davis v. Beers, 204 Pa. 288.

The coal or culm on the land was personal property: Lehigh Coal Co. v. Wilkes-Barre & Eastern R. R. Co., 187 Pa. 145; Preston Coal & Improvement Co. v. Raven Run Coal Co., 200 Federal Reporter 465; Kramer v. Slattery 260 Pa. 234.

A tax sale of seated land will be defeated by proof of sufficient personal property on the land to pay all the taxes assessed: Kean v. Kinnear, 171 Pa. 639; Act of May 13, 1879, P. L. 55; Act of June 3, 1885, P. L. 71.

OPINION BY HENDERSON, J., February 28, 1920:

This is an action of trespass brought by the plaintiff to recover the value of a quantity of culm or mine waste removed by the defendant from time to time from a large body of that material located on land in the Borough of Port Carbon to which land the plaintiff asserted title. The culm had been on the property for many years and

was abandoned, as alleged by the plaintiff, as a conse-
quence of which he claimed it through ownership of the
land.  Two sources of title were offered in support of
the action, one by grant from an heir, Frank Pott, who
formerly owned the property, and the other through a
tax sale at which the plaintiff became the purchaser.  It
appeared in the development of the evidence that the
title by grant, if good in other respects, only covered a
half interest in the property, and that part of the culm
with respect to which evidence was offered was removed
before the plaintiff acquired his title.  The court on
application of the defendant struck out this evidence
and the plaintiff's case thereafter depended on his ability
to show a valid title through the treasurer's sale.  This
sale was held on June 13, 1892, for taxes of 1890 and
1891.  The charge included county and borough taxes.
The collector's return of county tax showed an assess-
ment for the year 1890 against Frank Pott on five lots.
With respect to the tax for 1891 objection was made that
a sale could not be made therefor in 1892 as two years
had not then elapsed from the time the same became
payable.  With respect to the tax of 1890, it was ob-
jected that there was no evidence to show a lawful
assessment against the property and that the sale was
therefore void.  At the close of the plaintiff's evidence,
the court granted a nonsuit on motion of the defendant's
counsel.  It appears from the argument of the appellant
that the only question brought up for consideration is
the sufficiency of the evidence to establish a title in the
plaintiff through the treasurer's sale.  Any right under
the conveyance offered in evidence appears to have been
abandoned or waived.  We are brought therefore to a
consideration of the question whether the plaintiff ac-
quired a title to the land on which the culm is said to have
been located by virtue of the treasurer's deed.  That a
sale in June, 1892, for a tax assessed in 1891 would not
convey a title is shown by reference to section 41 of the
Act of April 29, 1844, which, after directing the manner

in which the collection of tax shall be made on land on which there is not sufficient personal property for the satisfaction thereof, provides that "no sale shall be made of such lands for the purposes aforesaid until the owner or owners thereof shall have refused or neglected to pay the taxes aforesaid for the space of two years." The plaintiff's title is therefore left to depend on the validity or the sale for the tax of 1890. The right to make a sale of real estate for unpaid taxes is wholly statutory and to give validity to such sale the provisions of the statute must be complied with. It is essential that a tax was assessed by the proper authorities, and that two years had elapsed from the time the tax became payable before the sale. City of Philadelphia v. Miller, 49 Pa. 440: "Assessment is from its legal requirement and the necessity of preserving its evidence a written entry and must depend upon the records of the commissioners' office and not upon parol testimony or the private duplicate of the assessor; and this assessment must contain the means of identification of the ownership in order that the proprietor may pay his tax or redeem it if he fails to pay in time." In order to establish his right to the possession of the premises it was necessary that the plaintiff show the treasurer's authority to make the sale, and in so doing it should have been made to appear that all material conditions and prerequisites had been complied with: Stark v. Shupp, 112 Pa. 395. One of these prerequisites was the fact of the assessment of the property and the time when that was made. The plaintiff's offer was to show the assessment for the year 1890 for the Borough of Port Carbon: Potts, Frank, estate 5 lots. Of what this evidence consisted is not made to appear. Nothing is shown as to when or how or by whom the assessment was made. This was followed by evidence of what is called an "extract book" of the Borough of Port Carbon showing a return of taxes for the years 1890 and 1891 assessed in the name of Potts, Frank; description of property, 5 lots. There was also

offered the return of W. U. Gane, collector of county and funded tax for the Borough of Port Carbon, 1890, filed December 22, 1890, which contained the entry, Potts, Frank, 5 lots; county tax, 6 mills, levy made May 16, 1890, warrant dated July 21, 1890; and this was followed by the offer of the return of W. U. Gane, collector of road and school taxes for the Borough of Port Carbon, 1890, filed December 22, 1890, in which the property was described as 5 lots, the owner, Potts, Frank. There was also evidence of a sale of the property by the county treasurer. The appellant relies on the statement in the return of the collector of county tax, "levy made May 16, 1890," to establish the fact and time of the assessment, but we are not shown any authority to support the contention that the statement of the collector may be substituted for the evidence in the commissioners' office of the assessment and the time when it was made. The statement of the date relates to the county tax, and the presumption is that the commissioners' office contained the evidence of the action of the commissioners in making the assessment. That could only be done by official action, and the collector is not invested with the authority to establish the time of assessment by his return of uncollected taxes. The date and manner of the assessment of the borough tax is not exhibited. There was a failure therefore to show that the owner had refused or neglected to pay the tax for the space of two years before the sale. The only opportunity to pay was to the collector and the only authority of the latter to collect was the warrant of the county commissioners or of the borough authorities, and the evidence shows that the collector did not receive his warrant until the 21st of July, 1890. The treasurer's sale took place on the 13th of June, 1892.

The land was seated, it could only be sold when its liability to sale was established. The law fixes the liability for tax to be, first, the personal property on the place, secondly, demand on the owner individually, and

lastly, the land itself, and it is only on the failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned for sale. The collector proceeding directly against the land except under the prescribed conditions is without warrant of law and liable as a trespasser: Kean v. Kinnear, 171 Pa. 639. It is a statutory prerequisite to the validity of a tax sale of seated land that there be a prior demand by the collector for the payment of the taxes. The statute required this duty of the collector and compliance therewith was necessary to give validity to the sale of the property: Norris v. D., L. & W. R. R. Co., 218 Pa. 88. It does not appear that any effort was made by the collector to collect the tax or that any demand was made therefor. There was evidence that a charge for taxes presumably against the same owner for the two preceding years had been paid, and the propriety of the provision of the law for a demand of payment is illustrated by the facts of this case. The land was sold when the tax probably might have been collected from the owners.

But if the assessment were sufficiently shown, another defect in the title is the indefiniteness of the description of the property sold. The evidence shows that Frank Pott owned a tract of land many years ago which he divided into lots, 52 in number. Some of them were sold in his lifetime, but there is a lack of competent evidence as to the number of lots sold. It cannot be ascertained from the testimony therefore which the five lots were which were the subject of assessment and sale. A son of Frank Pott conveyed to the plaintiff a half interest in eight lots, including five which the plaintiff alleges were covered by the treasurer's sale, but it is admitted that two of these had been sold long before. The grantor evidently did not know what lots he had an interest in if any title remained in him after the treasurer's sale.

A painstaking examination of the more than 200 pages of evidence, much of which is rendered obscure by reference to a plot not included in the paper-book, and to deeds not printed, has satisfied us the plaintiff failed to present such a tax title to the land on which the culm is said to have been located as would give him standing to assert a right to the culm either by virtue of the treasurer's sale or as the possessor of it after its alleged abandonment by the owners. The conclusion of the court below that the plaintiff's evidence failed to make out a case was well founded and a nonsuit properly granted.

The judgment is affirmed.