O'Hay et al. *v.* Tormey, Appellant.

238

Argued December 10, 1929.

Before PORTER, P. J., TREXLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Israel Krohn,* for appellant.—It is not required to allege matters of evidence in a pleading: Stark v. Shupp, 112 Pa. 395; Brown v. Gourley, 214 Pa. 154; Brankin v. Philadelphia etc. R. R. Co., 286 Pa. 331; Smith v. Miller et al., 289 Pa. 184.

*Calvin F. Smith,* of *Smith & Paff,* for appellee.—The pleadings were defective and insufficient: Simp-

son v. Meyers, 197 Pa. 522; Kramer v. Slattery, 73
Pa. Superior Ct. 361; Norris v. Delaware, Lackawanna
& Western R. R. Co., 218 Pa. 88; Weaver v. Meadville
Lumber Mfg. Co., 61 Pa. Superior Ct. 167; Ryan v.
Bruhin, 88 Pa. Superior Ct. 61; Pomfret Realty Com-
pany v. Hochman et al., 21 Northampton 294; Weaver
v. Williams, 14 Northampton 302; Westcott v. Craw-
ford, 210 Pa. 256.

OPINION BY BALDRIGE, J., February 28, 1930:

This action of ejectment was instituted to recover
possession of two vacant lots of ground in the Town-
ship of Palmer, Northampton County.

The defendant in her amended answer, plea and ab-
stract admits a good legal title in the plaintiffs down
to June 9, 1924, when the lots were sold to the defend-
ant at a treasurer's sale for unpaid taxes. The answer
avers that the lots were sold by the plaintiffs to Anna
Garren by agreement of sale in 1916, and that there-
after, in pursuance to the instructions and direction of
the plaintiffs, the lots were assessed in her name; that
the taxes for the year 1922 were not paid and a return
was accordingly made by the tax collector, and a
treasurer's sale was had on June 9, 1924; that there
was no redemption thereof during the statutory period
of two years, and on June 10, 1924, a treasurer's deed
was executed, acknowledged and delivered to the de-
fendant on June 19, 1926.

Plaintiffs petitioned the court for a rule on the de-
fendant to show cause why judgment should not be
entered on the pleadings in favor of the plaintiffs
under the provisions of the Act of May 8, 1901, P. L.
142, as amended by the Acts of June 7, 1915, P. L.
887, and June 12, 1919, P. L. 478, as the defendant's
pleadings were defective and insufficient, in that she
failed to aver (a) that sufficient personal property
could not be found on the land to pay the taxes, and
(b) that a return had been made to the county com-

missioners on or before the first day of February succeeding the date when the taxes were assessed, as required by the Act, approved June 1, 1915, P. L. 660.

The Act of March 13, 1815, 6 Sm. L. 301, (Purdon's Digest, 13th Edition, p. 5002), which provides that any irregularities in the manner of assessment shall not affect the title of a purchaser, did not dispense with the necessity of complying with all the statutory prerequisites to give validity to a treasurer's sale. But what are the statutory requirements? These are pointed out in the case of Norris v. D. L. & W. R. R. Co., 218 Pa. 88, where the court said, "The right to make a sale of real estate for unpaid taxes is wholly statutory and hence the necessity in order to give validity to the sale that the provisions of the statute be observed. The several steps resulting in the sale are the assessment of the property, a return by the collector to the county commissioners when the taxes are not paid, and an advertisement and sale by the treasurer. These several steps must be taken and in the manner pointed out in the statute, if the title of the real owner is to be divested and vested in the purchaser by tax sale. The assessment, the return by the collector, and the conveyance by the treasurer should sufficiently describe the property so that the record will identify and disclose the property taxed and sold." All of these essential requirements were set out by the defendant. An averment that there was a return made to the county commissioners is sufficient; a copy or the contents of the return are not required to be set out. It is unnecessary to plead all the circumstances tending to prove the truth of an ultimate fact that is averred: Stephen on Pleading, Sec. 342. The return of the tax collector, which is made under oath, is required to set forth that sufficient property could not be found on the land to pay the taxes and it must be made on or before the first day of February succeeding the date when the taxes are assessed. The legal presumption

is that a public officer does his duty in a proper manner; that the tax collector's return, both as to its contents and time it was made, was in accordance with the law.

In City of Philadelphia v. Richards, 124 Pa. 303, objection was made to municipal claim on the ground that there was a failure to set forth certain prerequisites required by the city ordinance upon which the claim was filed. The court held that as a lien upon the municipal claim was a purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity. Otherwise, it may be summarily stricken off by the court on motion. But it is unnecessary for the claim to disclose the evidence by which the facts are to be proven. In the course of the opinion, Mr. Justice MITCHELL said, "The authority to do the work claimed for may be averred in general terms, though the plaintiff will be required at the trial to prove the specific authority conferred.—No decision has been found which requires the claim to set out the specific ordinance under which the work was done."

The provisions of the Act, approved May 8, 1901, P. L. 142, require the defendant to file an answer in the nature of a special plea, in which he "shall set forth his grounds of defense." While pleadings should set forth sufficient facts to inform the adverse party of the contention of the pleader, the law does not look with favor upon prolix pleadings, nor make it necessary to set forth the evidence relied upon; it is the "ground" of the defense that must be averred.

The lower court cites Stark v. Shupp, 112 Pa. 395; Simpson v. Meyers, 197 Pa. 522; Norris v. D. L. & W. R. R. Co., supra; Kramer v. Slattery, 73 Pa. Superior Ct. 361. In those cases, the sufficiency of the pleading was not involved. They all turned upon the adequacy of the proof offered at the trial; here we have a question of pleading and not of proof.

We are of the opinion that the pleadings were adequate in this case and that the learned court fell into error in sustaining the plaintiffs' motion.

Judgment is reversed and a procedendo is awarded.