## Dierkes *versus* The City of Philadelphia.

The provisions of the Act of June 13th 1836, which give to the Court of Quarter Sessions power to make orders requiring persons of sufficient ability to relieve and maintain certain of their poor relatives, do not authorize said court to demand security, much less to commit a defendant for non-compliance with its order.

February 25th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Certiorari to the Court of Quarter Sessions of *Philadelphia county*: Of January Term 1879, No. 15.

This was a proceeding in the court below to compel Frank J. Dierkes to provide for the support of his mother. Caroline A. Cropley, the daughter of Rosanna Dierkes, made application to the solicitor representing the Guardians of the Poor for a citation, stating that she was unable to alone provide for the support of her mother, who was poor, old and unable to work. The citation was issued, based upon the affidavit, served upon Frank J. Dierkes, the appellant, who, on the 8th of September 1877, appeared in the Court of Quarter Sessions before Briggs, J., when, after the case was heard, an order was made upon the said Dierkes to pay the sum of $3 per week for the support of his mother, Rosanna Dierkes, and to give security in the sum of $300, pay the costs and stand committed until the order should be complied with. Subsequently, a rule was granted to show cause why the amount should not be reduced, and, after a hearing was had, the court

[Dierkes v. City of Philadelphia.]

reduced it to $1.50 per week. The said Dierkes, however, not complying with the order of the court, the said Caroline A. Cropley again appeared before the solicitor, and made affidavit to the fact of non-compliance, and upon this affidavit the court ordered the issuance of an attachment for his arrest. Dierkes then took this writ of certiorari, alleging that the court erred in their order and in the issuing of the attachment.

*Christian Kneass* and *Joseph T. Ford*, for the plaintiff in error.—The Act of June 13th 1836, Pamph. L. 551, does not apply to the city of Philadelphia. The jurisdiction of the Quarter Sessions is derived solely from the Act of March 29th 1803, Pamph. L. 507, entitled " An act for the consolidation and amendment of the laws so far as they respect the poor of the City of Philadelphia, the District of Southwark and the Township of Northern Liberties." And under the latter statute the court below was powerless to make the order made in this proceeding. By the Act of 1803, a certain mode of procedure is prescribed, and the direction of the act should be strictly pursued: Act of March 21st 1806, 4 Sm. Laws 432.

*Charles F. Warwick*, Solicitor of the City for the Guardians of the Poor, *Charles E. Morgan, Jr.*, Assistant City Solicitor, and *Wm. Nelson West*, City Solicitor, for the City.—The general law relating to the support and employment of the poor, approved June 13th 1836, Pamph. L. 551, applies to the city of Philadelphia. By said act, it is provided:

Sect. 28. " The father and grandfather, and the mother and grandmother, and the children and grandchildren of every poor person, not able to work, shall, at their own charge, being of sufficient ability, relieve and maintain such poor person at such rate as the Court of Quarter Sessions of the county where such poor persons resides shall order and direct, on pain of forfeiting a sum not exceeding twenty dollars for every month they shall fail therein, which shall be levied by the *process* of the said court, and applied to the relief of such poor person."

There is no repugnance between said act and the Act of 1803, on the contrary it is in aid thereof. The legislature has treated the Act of 1836 as in force in Philadelphia: Act May 25th 1840, Pamph. L. 513. See Guardians *v.* Smith, 6 Penna. L. J. 433 ; Worrell's Appeal, 11 P. F. Smith 105 ; Demott *v.* Commonwealth, 14 Id. 302. That a court has power to punish for contempt of its orders by imprisonment cannot be seriously questioned. The Act of 1842, abolishing imprisonment for debt, expressly excepts from its operations proceedings for contempt : Chew's Appeal, 8 Wright 247 ; Tome's Appeal, 14 Id. 285. The practice of the

[Dierkes *v.* City of Philadelphia.]

court in cases under the poor laws has been for years the same as pursued in this case.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

This was a proceeding in the court below to compel the plaintiff in error to provide for the support of his mother. After a hearing the court made an order "that the defendant, Frank J. Dierkes, pay the sum of three dollars per week for the support of his mother Rosanna, and the further sum of —— dollars for each of his minor children, from the 8th of September 1877, and give security in the sum of $300 for the faithful performance of this order, pay the costs, and stand committed until the order be complied with."

This order was assigned for error. The 28th section of the Act of 13th June 1836, Pamph. L. 547, under which it is said the order was made, does not justify it. Said section provides that in such cases the defendant shall comply with the order of the court "on pain of forfeiting a sum not exceeding twenty dollars for every month they shall fail therein, which shall be levied by the process of the said court, and applied to the relief and maintenance of such poor person." The act does not authorize the court to require security, much less to commit the defendant for a non-compliance with its order. Nor can the power to commit for contempt in not obeying the order be implied in view of the penalty expressly imposed. That penalty is $20 per month which "shall be levied by the *process* of the said court." The error was doubtless caused by the carelessness of a clerk in making out the order, as the blank used was intended for desertion cases in which the law is different, and the form in question the proper one.

Judgment reversed.