## James O'Connor's Appeal.

| 104 | 437 |
| 116 | 154 |

1. Under the Act of June 13th 1836, § 28 (P. L. 547), and the supplement of April 15th 1857 (P. L. 191), authorizing the courts of Quarter Sessions, upon petition of the overseers of the poor, or of any other person or persons having an interest in the support of any poor person unable to work, to compel the adult children or other members of the family, being of sufficient ability, to relieve and maintain such poor person, the petition for relief may be presented, by such poor person.

2. An order requiring some members of such poor person's family to pay a certain sum per week for his maintenance should specify the names of each such person, and the apportioned sum each is required to pay for said purpose. A decree that A. and B., "and the other adult children of the petitioner," shall pay a stated sum per week for said purpose, is too vague and uncertain to be self-sustaining, and will be reversed.

October 29th 1883. Before Mercur, C. J., Gordon, Paxson, Sterrett, Green and Clark, JJ. Trunkey, J., absent.

Appeal from and certiorari to the Court of Quarter Sessions of *Allegheny county:* Of October and November Term 1883, No. 80.

Petition by Patrick O'Connor, setting forth that he is a poor person and unable to work; that he has a wife and eight children (reciting their names and ages), of whom his adult children, Michael, Ellen, James, Mary, Ann and Catharine are able to provide for his support; and praying for an order compelling them to do so. James O'Connor, one of said adult children, filed an answer, and the case was referred by the court to a Commissioner, who reported that the above stated facts were true.

The court thereupon entered the following decree:

"And now, 12th of March, 1883, upon argument and consideration, it is ordered and directed that Michael and James O'Connor, and the other adult children of the petitioner, Patrick O'Connor, pay to the said Patrick O'Connor the sum of four dollars per week from the date of this order, together with all the costs of this proceeding, in which shall be included the costs of John L. McCutcheon, Esq., which, by agreement of counsel on both sides filed in the case, is fixed at the sum of seventy-five dollars ($75)."

The respondent thereupon took this appeal and certiorari, assigning for error the said decree.

*John S. Ferguson,* for the appellant.—The duty of children to support their parents is a duty to society, founded on public policy, and can only be enforced by the overseers of the poor, or by some person having an interest in the support of such

poor person. If the legislature had intended that the parent could make application for relief, they would have said so; as it is, the Act of 1857 impliedly says otherwise. The order is vague and uncertain, in that it names only two of the children, but charges them " and the other adult children," with the payment of a gross sum per week.

*Chas. F. McKenna*, for the appellee.

Chief Justice MERCUR delivered the opinion of the court, January 7th 1884.

This was a proceeding under the 28th section of the Acts of June 13th 1836, and of the 15th April 1857. The former Act, inter alia, declares that the children of every poor person not able to work, shall at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the court of Quarter Sessions of the county, where such poor person resides, shall order and direct. Under this Act it was held the complaint must be made by the Overseers of the Poor but by Act of 15th April 1857, P. L. 191, the court of Quarter Sessions was authorized to make such order and decree, not only on the petition of the Overseers of the Poor; but also upon " the petition of any other person or persons having an interest in the support of such poor person or persons."

In this case the application was made by the person for whom the order of relief and maintenance was desired. The court appointed a Commissioner to take the evidence and report the facts, with his finding. He found the petitioner was poor and unable to work and " that his adult children the respondents" were able to maintain and support him. The court concurred in the conclusion arrived at by the Commissoner, and ordered " that Michael and James O'Connor and the other adult children of the petitioner" pay him four dollars per week with costs.

Two objections are made to the validity of this decree.

1. It is contended that the law does not permit the application to be made by the person for whom the relief is sought.

Why not? The statute declares it may be made by any person " having an interest in the support of said poor person." It is silent as to the kind of interest the applicant must have. It does not state whether the interest must be pecuniary, or whether it may be such as springs from being related by blood or marriage to the poor person, or whether, in case of the unwillingness of all such to make the application, a kind and benevolent neighbor who voluntarily contributes largely to his support, possesses the requisite interest. The Act of 1857 should receive such an interpretation as to give due effect to the manifest spirit of the law. Its only object is to extend the

[O'Connor's Appeal.]

facilities for procuring support to the class of poor described.
It cannot be said that one in need of food, clothing and shelter,
has no interest in his own support. He feels quite as much
interest in procuring the necessary comforts of life, as many of
his relatives may have in furnishing them. Their self interest
may not always make them eager to impose on themselves the
obligation provided by the statute. We are clearly of the
opinion that the person entitled to be supported under the Act
of 1836 may make the application under the Act of 1857.

2. The other objection is to the form of the decree. We
think this well taken. It is too vague and uncertain. It gives
the names of only two of the children on whom the charge is
imposed. It wholly omits to state the names or the number of
"the other adult children" who are ordered to pay. It will
not do to consider the charge imposed on them as surplusage,
and impose the whole on the two named. That would be in
conflict with the clear intent of the court, and with the mani-
fest spirit of the decree. In case of a failure to comply with
the order, no process for its enforcement would justify a levy
on the property of "the other adult children."

The report of the Commissioner does not contain any finding
of the number or the names of the adult children. The peti-
tion professed to give the names and ages of all the children,
and in the answer of James he admits them to be correctly
stated. The other children put in no answer and made no ad-
mission. All this may have aided the Commissioner in finding
the names of the adult children, and the court in framing the
proper decree; but the material was not thus used by either.

The name of each person on whom the order is made should
be distinctly stated. If, in the opinion of the court, the
children are of such unequal ability, that some should justly
pay more than others, then the decree should equitably appor-
tion the gross sum among them, and specify the amount to be
paid by each.

A valid decree must be complete in itself, and self sustain-
ing. This is not such a decree. It cannot therefore be sus-
tained.

>Decree reversed at the costs of the petitioner, and a
>procedendo awarded.