# Commonwealth *v.* Quigg, Appellant.

*Poor laws—Insane poor—Husband and wife—Order for support—Commitment to prison—Acts of April 13, 1867, P. L. 78, and April 6, 1905, P. L. 112.*

1. Where a wife has been regularly committed to a state insane asylum at the request of her husband who was in poor circumstances, and upon certificates of physicians, the court of quarter sessions cannot thereafter enter an order of support against the husband upon the

petition of a representative of the bureau of health, which merely avers that the petitioner has reason to believe that an order should be made upon the husband or other relatives for the support of the lunatic, without any averment of desertion and without any prior proceedings before a justice of the peace, or magistrate as provided by the Act of April 13, 1867, P. L. 78.

2. Under the Act of April 6, 1905, P. L. 112, the court of quarter sessions has no power to commit to prison a husband who had failed to obey an order of support. The liability imposed by the act of 1905, can only be enforced against the property of the husband.

Argued Dec. 21, 1910. Appeal, No. 56, Oct. T., 1910, by defendant, from order of Q. S. Phila. Co., Feb. T., 1910, committing defendant to prison in case of Commonwealth v. Henry Quigg. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Petition for attachment.
The opinion of the Superior Court states the case.

*Error assigned* was the order of commitment.

*Joseph Chapman,* with him *Charles A. Chase,* for appellant.—The act of 1867 was intended to protect suffering wives and neglected children, and was not intended for their punishment or injury. This act was not intended to assist the department of public health and charities to extort money from a poor and needy man: Com. v. Rudy, 29 Pa. C. C. Rep. 450; Com. v. Dee, 14 Pa. Superior Ct. 640; Com. v. Ulrick, 14 Pa. Dist. Rep. 713; Whitesell's Case, 18 Pa. Dist. Rep. 520.

*William T. Connor,* assistant city solicitor, with him *James Alcorn,* city solicitor, for appellee, cited: Com. v. James, 142 Pa. 32.

OPINION BY PORTER, J., April 17, 1911:
Henry Quigg, the appellant, presented his petition to the court of quarter sessions of Philadelphia county, on

December 3, 1901, averring that Anna Quigg, his wife, was of unsound mind and without means and that the petitioner had no income except unsteady wages and had three young children dependent upon him, and praying the court to make an order on the city and county of Philadelphia for the support of the said Anna Quigg at the state hospital for the insane at Norristown. Service of notice of the filing of the petition was accepted by an assistant city solicitor, whose statement in writing appears upon the face of the record that he believed the facts to be therein truly stated. The petition was accompanied by the requisite certificates of physicians and the court made the order prayed for. Thomas F. Connell, a representative of the bureau of public health and charities of the city, presented his petition to the court below, on June 19, 1905, averring that the said Anna Quigg, wife of appellant, had been committed to the state hospital for the insane, as above stated, and that she there remained chargeable to the city of Philadelphia and that no order had been made upon Henry Quigg or any other relative to pay for the support of the said lunatic; following this statement of facts in the petition, and without other allegation, the petition thus concludes: "Your petitioner has reason to believe that an order should be made upon the aforesaid Henry Quigg or other relative or relatives for the support of the said lunatic." This petition was accompanied by an affidavit of the petitioner as to the truth of the facts therein stated. The court granted a rule on Henry Quigg to show cause why an order should not be made for the support of Anna Quigg, his wife, and two days later made that rule absolute and ordered that Henry Quigg pay to the department of public health and charities of the city of Philadelphia the sum of $1.00 per week for the support of said Anna Quigg. On February 25, 1910, the chief clerk of the department of public health and charities of the city filed in the court below an affidavit for an attachment, setting forth the order of June 21, 1905, above recited, and alleging that the defendant had failed

to fully comply with said order and was then in arrears in the amount of $131, and the court thereupon ordered that an attachment issue.   After a hearing, on March 2, 1910, the court ordered that Henry Quigg be committed "to the Philadelphia county prison for noncompliance with order of court of June 21, 1905."   The making of this order, and the method of enforcing the payment of the sum directed to be paid, is here assigned for error.

The learned counsel representing the city contends that the commitment of the appellant to prison was authorized by and ought to be sustained under the provisions of the Act of April 13, 1867, P. L. 78, entitled, "An act for the relief of wives and children, deserted by their husbands and fathers, within this Commonwealth."   That statute provided an additional remedy by which husbands and fathers may be compelled to support their wives and children, which remedy may be invoked when the husband or father "shall separate himself from his wife, or from his children, or from his wife and children, without reasonable cause, or shall neglect to maintain his wife, or children."   The statute expressly confers upon the court of quarter sessions power to order the husband and father to pay such sum as the court shall think reasonable and proper, for the comfortable support and maintenance of the said wife, or children, or both, not exceeding $100 per month, and to commit him to the county prison, there to remain until he comply with such order.   There is no question about the power of the court, when a defendant is brought before it in the manner authorized by the statute.   The difficulty with the position of the city is, that while the act of 1867 conferred ample power upon the court it also expressly directed what procedure should be had in order to make the remedy available.   The proceeding must be instituted before an "alderman, justice of the peace, or magistrate, . . . . upon information made before him under oath or affirmation," by the wife, or children, or some other person.   The information in such a case must state the facts, that the husband has deserted his wife or chil-

dren, or neglected to maintain her or them, upon which the statute makes its own operation to depend.  The record in this case discloses that no proceeding was ever had before a magistrate, that no information ever was made. The proceeding was commenced in the court of quarter sessions.  The petition, upon which the court based its order of June 21, 1905, did not aver that this appellant had deserted his wife or children, nor that he had neglected to maintain them.  All that it did aver was that some person connected with the bureau of health of the city of Philadelphia had "reason to believe that an order should be made upon the aforesaid Henry Quigg or other relative or relatives for the support of the said lunatic." There having been no information upon which the court could act in this case, it was without jurisdiction to make any order supposed to be based upon the act of April 13, 1867.

The court below was equally without authority to make the order committing the appellant to prison under the provisions of the Act of April 6, 1905, P. L. 112, entitled, " An act providing for the relief of poor persons," etc.   The fourth section of that statute provides that "The husband and wife, the father, the mother, and the children, respectively, of every poor person shall, at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the court of quarter sessions of the peace of the county where such poor person resides shall order and direct, on pain of forfeiting a sum not exceeding $20.00 for every month they shall fail therein, which shall be levied by process of said court and be applied to the relief and maintenance of such poor person.   And it shall be the duty of the directors or poor officers of such county or either of them, to make applications to the said court by petition, under oath, setting forth the necessary facts in all such cases. "  The department of charities of the city were probably attempting to discharge the duty imposed upon them by the foregoing section when they presented their petition directly to the court in this case, praying for

an order upon the appellant to contribute to the support of his wife. The court had jurisdiction, under this statute, to make an order requiring the defendant to contribute to the support of his wife, but the manner in which such an order could be enforced is entirely different from that which is available in a proceeding under the act of April 13, 1867. The nature of the liability imposed by the act of 1905 and the means provided by that statute for the enforcement of such liability are precisely similar to those provided by the twenty-eighth section of the Act of June 13, 1836, P. L. 541, and it was held that under the statute last referred to the courts were without power to commit a defendant for noncompliance with an order to pay money; that the sum ordered to be paid must be levied by the process of the court upon the property of the defendant: Dierkes v. City of Philadelphia, 93 Pa. 270; In re order on Thomas James, 116 Pa. 152. The specifications of error are sustained.

The order of the court below committing Henry Quigg to the Philadelphia county prison, for noncompliance with the order of June 21, 1905, is reversed, and the defendant is discharged from custody.