COM. ex rel. HORWITZ *v.* HORWITZ, Appellant. 383

383, (1922).]     Syllabus—Statement of Facts.

# Commonwealth ex rel., Horwitz, *v.* Horwitz, Appellant.

*Parent and child—Maintenance—Grandparents—Grandchildren —Order of support—Amount—Limitation—Acts of July 13, 1836, and June 15, 1911.*

Under the Act of June 13, 1836, P. L. 547, the amount which a grandparent could be required to pay for the maintenance and support of a grandchild was limited to the sum of $20 per month, because the act gave the courts no authority to enforce payment beyond that sum.

The Act of June 15, 1911, P. L. 973, amending the Act of 1836, provides a new method of enforcing orders of maintenance and support, by attachment, and by imprisonment for contempt. The new method of enforcement is exclusive of the old remedy by fine. The effect of the amendment is, therefore, to remove the former limitation upon the amount, for which the court can compel payment.

Since the Act of 1911, the court has authority to direct a grandfather, who has sufficient ability, to pay the sum of $90 per month for the support of a delicate grandchild, suffering with ataxia, where payment of that sum for a year will probably restore the child to health.

Argued October 13, 1921.   Appeal, No. 168, Oct. T., 1921, by defendant, from order of the Municipal Court of Philadelphia, June T., 1920, No. 1301, requiring defendant to pay $90 per month for support of his grandchild, in the case of Commonwealth of Pennsylvania ex rel. Ruth Horwitz v. Abraham Horwitz.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Petition for order to increase amount for support.   Before BARTLETT, J.

The opinion of the Superior Court states the case.

The court directed the defendant to pay $90 a month for the support of his grandchild.   Defendant appealed.

384 COM. ex rel. HORWITZ *v.* HORWITZ, Appellant.

Assignment of Errors—Opinion of the Court. [78 Pa. Superior Ct.

*Errors assigned* were the original and supplemental orders of the court.

*Walter Thomas,* for the appellant.—The jurisdiction to make an order of support is limited to the sum of $20 per month: Wertz v. Blair Co., 66 Pa. 18.

The orders are defective since they do not show the existence of all the elements of need and ability to pay required by the statute: Com. v. Divoskein, 49 Pa. Superior Ct. 614.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for the appellee.—The Act of 1911 is remedial, and removes the restriction of the Act of 1836, and creates an entirely new procedure.

OPINION BY TREXLER, J., March 3, 1922:

An order was made against the defendant directing payment of twenty dollars per month for the support of his grandchild. Subsequently, upon petition, this amount was increased to ninety dollars.

The appellant contends that the court had no authority to make an order for more than twenty dollars. The Act of June 13, 1836, P. L. 547, section 28, provides that the grandfather, among others, of every poor person not able to work, shall, if of sufficient ability, relieve and maintain such poor person at such rate as the court of quarter sessions shall direct on pain of forfeiting a sum, not exceeding twenty dollars for every month they shall fail therein, which shall be levied by process of said court and applied to the relief and maintenance of such poor person. It is argued that although the sum of twenty dollars is fixed merely as a penalty, it inferentially limits the amount the court can order. The language of the section would strongly support that reasoning. In Wertz against Blair Co., 66 Pa. 18, it is stated that the jurisdiction of the court is limited to

COM. ex rel. HORWITZ v. HORWITZ, Appellant. 385

383, (1922).] Opinion of the Court.

twenty dollars. The Act of the 6th of April, 1905, P. L. 112, reënacts the above section of the Act of 1836 but changes the subjects liable to support in that it adds husbands and wives, grandparents and grandchildren. The Act of June 15, 1911, P. L. 973, provides "a method for enforcing the orders of maintenance and support, in all cases where an order has been made for husband, wife, parent, child, grandparent, or grandchild, defining what constitutes contempt in such cases, and punishment for contempt in such cases." The language of this act is general, covering "all cases" and specifically repeals all inconsistent statutes. The Act of 1836 merely limits the penalty for noncompliance, the Act of 1911 supplies a more effectual remedy by attachment and imprisonment for contempt. The remedy seems to be exclusive and the forfeiture of money provided by the Act of 1836 is done away with. With it necessarily goes the inferential limitation upon the amount the court may order. The reason for the conclusion that under the Act of 1836 the order of court is limited to an amount not larger than the forfeiture, is obvious. It would be vain for the court to direct the payment of a larger sum than it could compel the defendant to pay. When, however, the court under subsequent legislation has means of enforcing its order other than the forfeiture clause, it would seem that the reason for applying the rule limiting the amount of the order, falls. Enforcement of the order by attachment being without limitation, the limitation put upon the court by the Act of 1836 must be regarded as inconsistent and no longer in force.

There was evidence that the grandfather was of sufficient ability to pay. Were it not for the peculiar circumstances of the case, we would probably be compelled to say that ninety dollars is too large an amount but the child is in a very delicate condition, having ataxia and being unable to walk or talk and treatment for a year or more in some institution, it was stated, will probably restore it to health. We think the lower court

386   COM. ex rel. HORWITZ *v.* HORWITZ, Appellant.

Opinion of the Court.   [78 Pa. Superior Ct.

adopted the right course. No doubt if the child recovers its health, so as to no longer require constant care, the amount will be reduced.

All the assignments of error are overruled and judgment is affirmed.