## Commonwealth v. Kerstetter et al. Anthony Township Overseers of the Poor v. Kerstetter et al.

*Poor laws—Support of insane parents—Parent and child—Jurisdiction, C. P. and Q. S.—Proceedings by State—Permission of Attorney-General—Acts of June 13, 1836, and June 1, 1915.*

1. The Court of Common Pleas has no jurisdiction of any matter in relation to the support of parents by children. All proceedings of this nature should be brought in the Quarter Sessions.

2. The provisions of the Act of June 13, 1836, P. L. 539, which gives the Quarter Sessions power to make orders requiring persons of sufficient ability to relieve and maintain certain of their poor relations, do not authorize that court to demand security, much less to commit a defendant for non-compliance with its orders.

3. In a proceeding in the name of the Commonwealth under the Act of June 1, 1915, P. L. 661, for an order against children for the support of a parent, the record should show that the Attorney-General authorized the proceeding.

4. In a proceeding against several children for an order for the support of a parent, the order must show the amount which each child is to pay and the time of its payment.

Rule for attachment. C. P. Montour Co., Oct. T., 1916, No. 17.

*Edward Sayre Gearhart,* for rule; *William H. Hackenburg,* contra.

POTTER, P. J., 17th judicial district, specially presiding, Dec. 18, 1922.— From the files in this case it appears that some five years ago or more proceedings were had in this court in order to compel the children of Martin L. Kerstetter to pay for his maintenance in the State Hospital for the Insane, at Danville, Pa. These proceedings were brought in the Common Pleas by the Commonwealth and by the Overseers of the Poor of Anthony Township under and by virtue of the provisions of the Act of June 1, 1915, P. L. 661.

On July 27, 1917, an opinion was filed by the court and a decree was entered requiring the children of the said Martin L. Kerstetter to repay for his support the respective amounts expended by the Commonwealth and by Anthony Township Poor District in that behalf.

It seems nothing was done on this decree until about April, 1922, when a rule was taken out upon the said children of the said Martin L. Kerstetter, at the instance of the Commonwealth and the Overseers of the Poor of Anthony Township, requiring the said children of the said Martin L. Kerstetter, of whom George W. Kerstetter is one, to show cause why an attachment should not issue, and it is this rule we now have before us for disposition.

It is noted that the Overseers of the Poor of Anthony Township and the Commonwealth have brought a joint proceeding as of No. 17, October Term, 1916, in the Court of Common Pleas.

We know of no law giving jurisdiction to the Court of Common Pleas of any matter in relation to the support of parents by children. All proceed-

ings of this nature should be brought in the Court of Quarter Sessions, and, so far as concerns the Overseers of the Poor of Anthony Township, we can only say they are in the wrong court. The proceeding, having been brought in the Common Pleas when it should have been in the Quarter Sessions, is nugatory, so far as the Overseers of Anthony Township are concerned, and no bond can be required to secure the performance of an order made in these proceedings. The Act of 1915 provides for none, and neither does the Act of 1836, under which the proceedings should have been brought.

The provisions of the Act of June 13, 1836, P. L. 539, which gives the Court of Quarter Sessions power to make orders requiring persons of sufficient ability to relieve and maintain certain of their poor relatives, do not authorize said court to demand security, much less to commit a defendant for non-compliance with its order: Dierkes *v.* City of Philadelphia, 93 Pa. 270.

Objection is also made to the petition for the rule, in that the petitioner does not show or set up his authority for making the petition for and on behalf of the Attorney-General.

In Fiscus's Estate, 26 Dist. R. 894, we find the following: "A petition entitled 'The Petition of the Commonwealth by N., its attorney,' but stating no facts to show any authority granted to N. by the Attorney-General, is not sufficient to justify a Court of Common Pleas to make an order on the committee of a lunatic to reimburse the Commonwealth for maintaining the lunatic at the State Hospital."

The Act of 1915 provides for the application to be made to the Court of Common Pleas by the Attorney-General, and when it is made by any one other than the Attorney-General, an authority for so doing should appear in the proceedings.

In the case at bar we have the petition made by Harry J. Makiver, signed by him and sworn to by him. But we have nothing to show that the Attorney-General in any way authorized him so to do. We think there should be a certificate from the Attorney-General, attached to the petition, showing the authority of Harry J. Makiver to make the petition.

The order of July 27, 1917, fixes no specific sum to be paid by each of the children of Martin L. Kerstetter. We fail to see how we can enforce an order when no definite amount is mentioned as being the liability of each of these children. How much is each to pay? When is it to be paid? To whom is it to be paid? In order to enforce an order of court, the order should be so definite and precise as to raise no question as to its performance, either as to the amount or the time of its performance. The order is lacking in this respect, and we do not see how an attachment can issue to enforce an order that does not state its own terms.

"An order requiring some members of such poor person's family to pay a certain sum a week for his maintenance should specify the names of each person and the apportioned sum each is required to pay for said purpose. A decree that A and B and the other adult children of the petitioner shall pay a stated sum per week for said purpose is too vague and uncertain to be self-sustaining, and will be reversed:" O'Conner's Appeal, 104 Pa. 437.

The Acts of 1836 and 1857, applicable to at least a part of these proceedings, are creatures of the Quarter Sessions and prescribe proceedings for the enforcement of orders made under and by virtue of them. Their orders cannot be enforced by attachment and commitment: In re Thomas James, 116 Pa. 152; Wertz *v.* Blair County, 66 Pa. 18.

And now, to wit, Dec. 18, 1922, the rule is discharged and an exception is noted for both the petitioners.    From **Charles P. Ulrich, Selins Grove, Pa.**