## George v. George et al.

*Parent and child—Support—Pauper—Poor person—Acts of June 13, 1836, April 6, 1905, and June 15, 1911.*

1. The Acts of June 13, 1836, P. L. 541; April 6, 1905, P. L. 112, and June 15, 1911, P. L. 973, providing the means for support of poor persons, and providing a method for enforcing orders of maintenance and support, are to be construed *in pari materia.*

2. The petition of a mother setting forth that she has been supporting her child since her husband, its father, deserted her, and asking for an order for the child's support and maintenance by its paternal grandparents, does not bring the child within the class of persons entitled to relief under the acts recited, for, upon the facts set forth, the child is not a pauper or a poor or indigent person.

Petition for order of support and maintenance. Q. S. Luzerne Co., June Sess., 1922, No. 540.

*Edmund G. Butler,* for plaintiff; *B. B. Lewis,* for defendants.

JONES, J.—Petition of Elizabeth Waln George for an order against the defendants for the support of their grandchild. The petitioner avers that she was married to Carlton Clyde George, son of Samuel P. George and Jennie George, defendants, on Aug. 21, 1917, and a boy, Carlton Clyde George, Jr., was born of this marriage on Feb. 15, 1921.

On Jan. 25, 1922, petitioner filed a libel in divorce against Carlton Clyde George, Sr., upon the ground of cruel and barbarous treatment. After personal service of the subpœna upon the respondent and no issue having been asked for by either party, the court took testimony in the case, and in August, 1922, a decree in divorce was entered, separating plaintiff and her husband from the nuptial ties and bonds of matrimony.

On Aug. 18, 1922, the libellant then presented this petition, setting forth that the father of her child had departed from the jurisdiction of the court; that she was supporting herself and child by labor for wages as a clerk, and that the grandparents of said child, the defendants, were possessed of property, real and personal, and that the grandfather is a locomotive engineer, receiving large wages, and that defendants are fully able to support, maintain and educate her child (their grandchild), and praying for an order upon defendants for the support, maintenance and education of said child.

The answer of respondents is in the nature of a demurrer, namely, that the ability of the grandparents to support, maintain and educate the child does not establish the obligation of the defendants so to do, but this obligation is determined by the condition of the child.

The Act of June 13, 1836, P. L. 541, provides the means for support in cases of this character, and the Superior Court, in the case of Com. ex rel. Horwitz *v.* Horwitz, 78 Pa. Superior Ct. 383, held that the Act of April 6, 1905, P. L. 112, re-enacts section 28 of the Act of 1836, and that the Act of June 15, 1911, P. L. 973, provides a method for enforcing the orders of maintenance and support in all cases where an order has been made for a husband, wife, parent, child, grandparent or grandchild.

These acts are construed *in pari materia;* the Act of April 6, 1905, P. L. 112, in section 5, provides: "That in the construction of this act, the word 'poor' shall be construed to include any pauper, or poor or indigent person, being destitute and applying for or receiving relief from the public taxes or levies in this Commonwealth, or chargeable thereto."

The averments in plaintiff's petition do not bring her child within the class of persons entitled to relief under these acts of assembly.

Upon the submission of this case to the court, counsel for respective parties submitted the files in the divorce proceedings aforesaid, which include the testimony of petitioner. Among the acts of cruelty upon which plaintiff based her action for divorce was the failure of her husband to maintain and support her and the child. She testified that she was supporting herself and child, and no allegation that at any time she was unable to do so.

Under the pleadings and the testimony as taken in the divorce proceedings, we, therefore, conclude as a fact that Carlton Clyde George, Jr., grandchild of the defendants, is not a pauper, poor or indigent person within the acts of assembly providing for the relief of poor persons, and we conclude as a matter of law that the petition should be dismissed, without prejudice, however, at any future time, if the said grandchild should become a pauper or poor or indigent person within the acts of assembly providing for the relief of poor persons, to the right of petitioner to renew her application.

From F. P. Slattery, Wilkes-Barre, Pa.