## Commonwealth v. Marzano.

*Infants—Support—Order on grandfather—Petition—Warrant of arrest— Waiver of illegality of arrest—"Poor persons"—Acts of March 29, 1803, and June 13, 1836.*

1. Under the Acts of March 29, 1803, 4 Sm. Laws, 50, and June 13, 1836, P. L. 539, the proper procedure to charge a person liable for the support of infants is by petition, but where a warrant of arrest has been served and the defendant enters bail and appears at the hearing, he waives any informality or illegality in his arrest.

2. Infants whose father has deserted them and who have no estate, are unable to support themselves, and whose mother is unable to support them, are "poor persons" within the meaning of the Acts of 1803 and 1836, *supra*, and the paternal grandfather will be ordered to pay according to his ability in an action brought for them by their maternal grandfather.

Non-support. Q. S. Montgomery Co., Feb. Sess., 1927, No. 153.

*J. Burnett Holland*, for Commonwealth.

*Charles Townley Larzelere*, for defendant.

KNIGHT, J., April 22, 1927.—On Feb. 13, 1926, this court made an order on Joseph Marzano to pay his wife, Cecilia, the sum of $6 per week for the support of herself and $3 per week for the support of her minor child, Mary. Subsequently, another child, Angelina, was born, and the court increased the order in the sum of $3 per week for the support of the second child.

Joseph Marzano, the father of these children, has absconded, and his present whereabouts are unknown. His wife and the two children, aged two and one-half years and eight months, respectively, are now living with the mother's father, Pasquale Paperilla, in West Conshohocken.

The defendant, Donato Marzano, is the paternal grandfather of the above two mentioned minors, and on Jan. 26, 1927, a warrant was issued by a justice of the peace in the Borough of Norristown, charging him, under the 28th

Commonwealth v. Marzano.

section of the Act of June 13, 1836, P. L. 539, and the Act of March 29, 1803, 4 Sm. Laws, 50, with failure to contribute to the support of his two grandchildren.

The proper way of bringing the defendant before the court was by petition and not by a warrant of arrest. The Act of 1836 does not authorize the court to commit a defendant for non-compliance with its order, much less to restrain him of his liberty in the first instance: Dierkes v. The City of Philadelphia, 93 Pa. 270.

The Act of June 15, 1911, P. L. 973, which provided a method of enforcing orders in support cases, provides that an attachment may only issue when the defendant has not complied with the order of the court for a period of thirty days. However, as the defendant entered bail, appeared in court and, represented by counsel, went into a hearing on the merits, he thereby waived any informality or illegality in his arrest: Com. ex rel. v. Baird, 21 Pa. C. C. Reps. 488; Com. v. Kipnis, 26 Dist. R. 927; Com. v. Kuehn, 71 Pitts. L. J. 72.

Counsel for the defendant contends that only the poor authorities are authorized under the Acts of 1803 and 1836, supra, to make a complaint or enforce the provisions of these acts.

We cannot agree with him. The Act of 1803, supra, provides: "The father, grandfather . . . of every poor person . . . shall at their own charges relieve and maintain such poor person . . . as the Court of Quarter Sessions . . . shall order and direct."

It has been the common practice under this act and the Act of 1836, supra, for the Courts of Quarter Sessions in the various counties to entertain petitions by the poor persons themselves, or any one interested in them. This practice has been approved by implication at least in Com. ex rel. Horwitz v. Horwitz, 78 Pa. Superior Ct. 383, and in many lower court decisions.

Nor can we agree with counsel for the defendant that these children are not "poor persons" within the meaning of the Acts of 1803 and 1836, supra. They have no estate; they cannot support themselves, nor can their mother in her present condition support and maintain them. Were they not living with their maternal grandfather, they would be public charges. That this maternal grandfather is not voluntarily and willingly supporting them is shown by the fact that he is the prosecutor in the present case. There is no more reason why the maternal grandfather should support these children than the paternal grandfather. Each should pay according to his ability.

Turning now to the ability of the defendant to pay, it is at once apparent from the evidence that he has "sufficient ability" to pay little or nothing toward the support and maintenance of his grandchildren. He is sixty-five years of age, in poor health, and able to earn at his trade as a shoemaker from $12 to $15 per week. He is married and supports his wife in the little home that he owns clear of encumbrances.

Under these circumstances, we feel that a contribution of $1 a week is all that he should be required to pay, and we, therefore, make the following order:

And now, April 22, 1927, the defendant, Donato Marzano, is ordered to pay the costs of this proceeding and to pay to Cecilia Marzano the sum of $1 per week for the support and maintenance of his two grandchildren, Mary and Angelina Marzano.

From Aaron S. Swartz, Jr., Norristown, Pa.