BEUTEL *v.* THE STATE OF OHIO.

(Decided June 2, 1930.)

*Mr. L. A. Tucker,* for plaintiff in error.
*Mr. C. B. Webster* and *Mr. R. G. Curren,* for defendant in error.

SULLIVAN, J. This cause is here on error from the criminal branch of the Municipal Court of the city of Lakewood, wherein upon affidavit founded on Section 12429, General Code of Ohio, plaintiff in error, Della Beutel, was convicted, and it is well to

have in mind the language of the statute, which is as follows: "Whoever, being an adult resident of the state and possessed of or able to earn means sufficient to provide food, shelter, care and clothing for his or her parent, within this state, who is destitute by [of] means of subsistence and unable either by reason of old age, infirmity or illness to support himself, neglects or refuses to supply such parent with necessary shelter, food, care and clothing shall be fined not less than ten dollars, nor more than five hundred dollars, or imprisoned not less than ten days nor more than one year, or both; provided, if he shall pay promptly and regularly for such purpose to the court, or to a trustee named by such court, a sum to be fixed by it, sentence may be suspended."

After the verdict of guilty, a petition in error was filed in the common pleas court of Cuyahoga county, and the conviction of the municipal court of the city of Lakewood was affirmed, and now error proceedings from the judgment of the lower courts are here for review.

There is credible evidence in the record, which we consider by the application of the rules of law relating to procedure in criminal cases, that Rose Mason was the mother of plaintiff in error and about sixty-six years of age and living in one room alone in Lakewood, Ohio. She has four adult married daughters, one living in Michigan, one in Spencer, Ohio, and the other two in Cuyahoga county.

The plaintiff in error lived with the mother until she was about twenty-two years of age.

In the month of January, 1929, the mother was employed at the Young Women's Christian Association

in Cleveland, Ohio, and there resulted about that time a nervous breakdown which unfitted her for employment of any character, and it appears that since that time she has been unable to furnish support for herself, and has been in practically a destitute condition, and from January 2, 1929, to June 15, 1929, it appears, in so far as plaintiff in error is concerned, that she failed and refused to furnish necessities for her mother. There was some support furnished by the two daughters living outside the county of Cuyahoga and the one daughter other than the plaintiff in error residing in Cuyahoga county, but it appears that the plaintiff in error, in the testimony as bearing upon her failure to assist in the support of the mother, used the following language which seems to establish the legal status, which we quote in order to establish the real situation: ''I am asking you, Mrs. Beutel, what you are going to do for your mother. She said, I am not going to give her a nickle. What do you want me to do? He said, if I would tell you what you should do, you said you would not give her a nickle, it does not do much good to ask you. You have not given her anything for three or four months. If you promise to pay, probably you won't pay again. She said, I will take every penny I have got and hire an attorney and fight it because I won't pay a cent, not a nickle. Then Mr. Webster said, that is all I want to know Mrs. Beutel.''

Thus appears the refusal and the neglect to comply with the provisions of the statute in relation to the support of the mother. There is evidence of a credible nature showing circumstances surrounding the plaintiff in error which would warrant the conclu-

sion that there is no justification for the refusal and neglect to supply the parent with necessary food, shelter, care, and clothing, and, inasmuch as there is no question about the partial, if not the total, destitution of the parent, it appears to be clear that there is credible evidence that the statute has been violated. It also appears, keeping the rules of criminal law in mind, that there is credible evidence to support the conviction. This reviewing court cannot be controlled by anything but the written record in the case, and its personal opinion is of no avail, and, inasmuch as it appears that before the tribunal below there was submitted all questions of fact, this reviewing court cannot invade the province of that tribunal by passing upon the facts when the record does not warrant the conclusion that the judgment is clearly and manifestly against the weight of the evidence.

The charge of duplicity in the affidavit is urged as a ground of error because it uses the language, "possessed of or able to earn means sufficient to provide food," but from an examination of the statute it is clear but one offense is charged, and that is the failure and neglect to provide sufficient means to support the parent, where the adult resident, such as the daughter, is possessed of or able to earn the means to satisfy the demand for food, shelter, care, and clothing.

The question of duplicate charges we think has been settled in *State* v. *Schultz,* 96 Ohio St., 114, 117 N. E., 30; Bishop's New Criminal Procedure (2d Ed.), Section 436; *Hale* v. *State,* 58 Ohio St., 676, 51 N. E., 154; and in many other authorities of like nature.

That there were other children besides plaintiff in error contributing somewhat toward the statutory support does not release the plaintiff in error from the obligation of a daughter, recited in the statute.

It has been held in 21 Ruling Case Law, 726, upon this question, that, if one child supports a parent and another refuses, a basis is thereby formed for recovery by way of contribution from the one refusing. In some states, such as Minnesota, the statute provides the portion that each child shall pay, but there is no such provision in the statute relating to the case at bar.

It has been held in *O'Conner's Appeal*, 104 Pa., 437, that where there are five children of a poor person, two of whom only furnish support, the judgment is not invalid, and so it was held in principle in *Jasper County* v. *Osborn*, 59 Iowa, 208, 13 N. W., 104, which held that the son of an improvident person is liable to the county for support, and that the county may pursue its remedy against the son, even though there is a wife living who has property. In other words, the holding is that there may be a waiver of remedy as against the wife.

Summarizing, under the case of *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683, we cannot, in the state of the record, reverse the judgment without invading the province of the jury; and upon the other questions of error we fail to find any prejudicial error which would warrant a reversal by this reviewing court. Consequently the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.