The State of Ohio, Appellee, *v.* Kelly, Appellant.

(No. 5580—Decided May 12, 1965.)

*Mr. Adam Gadanac, Jr.*, city solicitor, and *Mr. John D. Judge*, for appellee.

*Mr. Michael L. McGowan*, for appellant.

HUNSICKER, J. This is an appeal on questions of law from a judgment of guilty entered by the Barberton Municipal Court.

Lawrence Kelly, the defendant, appellant herein, was charged with and found guilty of an offense under Section 2901.40, Revised Code, to wit, that he "wilfully and unlawfully neglected and refused to supply Ella M. Kelly, his mother * * * with the necessary shelter, food, care and clothing, said Ella M. Kelly being destitute of means of subsistence and unable to support herself by reason of old age and infirmity * * *."

Sentence was withheld as provided by Section 2901.41, Revised Code, so long as Lawrence Kelly paid fifteen dollars each week for his mother's support.

In the appeal lodged in this court, Lawrence Kelly says the judgment is "contrary to law," and is "against the manifest weight of the evidence and without sufficiency of evidence." The chief complaint is that Ella M. Kelly is not destitute.

The agreed bill of exceptions shows that Ella M. Kelly is a semi-invalid, 72 years of age, in poor health and unable to support herself; that her meals are taken to her bedroom where she is largely confined; that she has lived with a daughter for more than ten years, and the daughter's husband, Alex Jenkins, has provided all of her support over and above a social security payment in the sum of $61 per month; that Alex Jenkins does not charge for board and room, and the expenditures for hospitalization insurance, doctor and medicine average $23.58 a month. (No amount is given for other expense that might arise, such as clothing, dental care and personal incidentals.)

Ella M. Kelly gave $916.55 to her daughter, Mrs. Jenkins, with the request it be used to provide a funeral for her.

Lawrence Kelly knew of all the conditions under which his mother lived, and has not contributed to her support, although he has given her an occasional gift. He is employed and is financially able to contribute to her support.

The problem we have here is whether an aged, infirm and

semi-invalid mother, under the facts set out herein, can be classed under the statute (Section 2901.40, Revised Code) as one "who is destitute of means of subsistence and unable either by reason of old age, infirmity, or illness" to support herself.

Is it necessary under the statute herein for an aged parent to be a pauper and the object of public assistance before a financially able child shall be guilty of failure to support? Is it a defense to a complaint filed under this statute to say that the aged and infirm mother is being taken care of by a son-in-law and, therefore, she is not destitute? We believe the answer to both questions is—No.

Even though the cost-of-living indexes were not introduced in evidence, we know that an aged, infirm and semi-invalid person cannot live on $61 per month. While we realize that the meaning of "destitute" as given in Black's Law Dictionary is—"not possessing the necessaries of life and in condition of extreme want;" yet the statute uses the phrase "destitute of means of subsistence."

In the instant case, Ella M. Kelly is unable to maintain herself. Someone must take care of her, and since her son will not assist, except under compulsion, the son-in-law undertakes the full task of providing that which the mother-in-law needs.

The phrase "destitute of means of subsistence" connotes something other than the single word "destitute." In the context in which this phrase is used in the statute, it means lacking in the material things necessary to live a normal life, which in the present case is food, clothing, shelter, physical care, medical care, and the incidentals that make life pleasant.

In the case of *Beutel* v. *Ohio*, 36 Ohio App. 73, the Court of Appeals for Cuyahoga County, through Sullivan, J., determined that even though other children contributed to the support of a destitute parent, that fact did not release another child from his statutory obligation of also contributing to that parent's support.

We have examined all claims of error advanced by Lawrence Kelly, and find none tenable. The judgment of guilty must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.