## In the Matter of Lucy Jones.

Argued April 25, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

J. M. *McGill*, and with him *E. H. Beshlin*, for appellant, cited: Philadelphia v. Hays, 56 Pa. Superior Ct. 352; DeMott v. Commonwealth, 64 Pa. 302; Keller v. Commonwealth, 71 Pa. 413.

*C. E. Bordwell*, of *Bordwell & Eldred*, and with him *L. C. Eddy* and *Geo. B. Munn*, for appellee, cited: Lowenstein v. Insurance Company, 132 Pa. 410; Kaufmann & Baer Co. v. Landau, 93 Pa. Superior Ct. 457.

Opinion by Linn, J., July 2, 1929:

Since the history and development of our Poor Laws from 43 Eliz. C. 2, section 7, down to 1870, was stated in Wertz v. Blair Co., 66 Pa. 18, there has been supplementary legislation and a codification (except as to

counties of the first and second classes) by the General Poor Relief Act of 1925, P. L. 762. The present proceeding is apparently based on the General Poor Relief Act of 1925, P. L. 726, section 1012, etc., P. L. 787, re-enacting or modifying the earlier acts of June 13, 1836, P. L. 538, 547, of April 15, 1857, P. L. 191, of April 6, 1905, P. L. 112, and of June 15, 1911, P. L. 973.

We have reviewed the record as on certiorari (in re Thomas James, 116 Pa. 152; Philadelphia v. Hays, 56 Pa. Superior Ct. 352) limiting our examination to see only whether the case is within the jurisdiction of the court below and whether the order made was regular and within the power of the court. No testimony was printed in the record, though the Act of April 18, 1919, P. L. 72 provides that it may be brought up for the limited purpose stated in Hand's Case, 266 Pa. 277, and others following it.

Section 1012 of the General Poor Relief Act of 1925, supra, authorizes the quarter sessions to make an order of support for a poor person (defined in Sec. 10, P. L. 763) on its parent "being of sufficient ability" to "relieve and maintain such poor person at such rate as the court of quarter sessions of the county where such poor person resides, shall order and direct."

This proceeding began February 13, 1926, by petition of the Overseers of the Poor in Warren County for an order directing Rose Harmon, the mother of Lucy Jones, to pay for the support of her daughter then aged 34, and alleged to be a pauper; section 1015, P. L. 787, authorizes a petition by such overseers. A rule to show cause was granted, pursuant to which Rose Harmon filed a responsive answer on March 4, 1926; she denied that her daughter was a poor person within the act, and averred that she was able to maintain and support herself. The docket entries advise

that on that day evidence was taken in court and that the case was continued; that on April 1 testimony was filed and that there were subsequent continuances, leaving the issue undetermined.

On November 24, 1926, no order having been made by the court on the petition of the overseers and the answer of Rose Harmon, Lucy Jones herself filed a petition for support, which, without any order to that effect appearing in this record, was docketed as a part of the suit brought by the overseers then at issue. While the purpose of this petition was the same as that instituted by the overseers, it was a different suit with a different petitioner. Lucy Jones, as a person interested, was authorized to institute such a proceeding on her own account: Section 1015; O'Conner's Appeal, 104 Pa. 437; but as no objection was made to consolidating the two proceedings, we have considered the record as if the court below had granted to Lucy Jones leave to intervene in the overseers' suit.

Her petition recited that a proceeding had been instituted on her behalf by the overseers and had proceeded as stated above, and she averred that on May 21, 1926, "all parties appeared in court and with counsel, but no further testimony was taken at that time, but at the direction of the honorable court money to the amount of $500 was delivered into the hands of [the] court to be used for the benefit and support of the said Lucy Jones," the money being furnished by Rose Harmon. She also averred that since then the money had been expended and that she needed additional support. The next averment in the petition is as follows: "That since said sum of money was paid into the hands of your honorable court, your petitioner has caused a petition to be filed in the court of common pleas of said county, praying that a guardian be appointed by your honorable court, to look after and care

for the property of the said Rose Harmon, your petitioner being of the belief that she is not capable of managing her own affairs. That a hearing was held on this petition some time ago, and the matter continued to an open date, since which the said Rose Harmon has manifested to your honorable court to have this matter determined by a jury." A rule to show cause was granted and on December 7, 1926, Rose Harmon filed a responsive answer.

So the matter stood without further hearing until February 7, 1927, (though two petitions to which responsive answers had been filed remained on record awaiting disposition) when Lucy Jones filed another petition for support which was docketed with the other two. It is the order on this third petition that brings up the record for review. This petition referred to the prior proceedings and averred that she was a poor person within the statute needing support, and other facts not averred in either of the prior petitions. On the same day the court made an order (it will be found in the reporter's statement) on a form that was attached to the petition, requiring Rose Harmon to pay $75 a month for her daughter's support, beginning with January 1, 1927, and to file a bond in the sum of $3,000 or to deposit that amount with the court for the faithful performance of this order. No copy of this petition of February 7 was served on Rose Harmon or on her counsel; no rule to show cause was granted as had been done on the two prior petitions; the order made pursuant to it, and now complained of, was made in her absence without hearing and, so far as the record shows, without knowledge by her or her counsel that the petition had been filed. On May 14, 1927, she moved to vacate this order on the ground that it had been made without notice or hearing and she asked that "pending the disposition of this motion

that all proceedings upon the judgment entered upon the certified copy of said order in the court of common pleas of said county to No. 199, March T., 1927, in the sum of three thousand dollars be stayed." A rule to show cause was granted with a stay of proceedings, but on June 6, 1927, Lucy Jones filed a motion to discharge the rule to vacate the order, and on July 22, 1928, the court discharged the rule to vacate the order. This is also assigned for error.

The order of February 7, 1927, is void for want of due process. It is elementary that want of notice and reasonable opportunity to answer the complaint and be heard in defense against the allegations on which a judgment is sought by petitioner is fatal to the judgment: the subject is discussed in 6 R. C. L. p. 446, etc.; see also Com. v. Milne, 90 Pa. Superior Ct. 68, 72; Brown v. Hummel, 6 Pa. 86, 90, and cases following it; in Carpenter v. Wolf, 73 Pa. Superior Ct. 363, 354, we held that lack of notice was fatal to action under the fence-view act even though the statute did not require notice of the view.

We may say that we have examined this record to see whether we could sustain the order as perhaps made in determining the issues raised by the two petitions and answers on file prior to February 7, 1927, but we cannot so sustain it because the order recites, apparently as basis for some part of it, that "Rose Harmon has converted almost her entire properties and securities into cash and has in no way contributed any money ......" The fact of converting her property into cash (without now considering whether it is relevant, if true) was averred in the petition of February 7 for the first time; it had not been alleged in either of the two earlier petitions. As the order states that it is made on the petition of February 7, we must consider it as made in a new proceeding begun by the

petition then filed. If, as was done when the other two petitions were filed, service thereof had been made on Rose Harmon, with opportunity to answer, we might have been able (in the event of judgment by default) to consider it as docketed in the original proceeding with leave of court presumed to have been obtained, but we cannot make that assumption as to a petition (original in character and authorized to be filed by an interested party by section 1015) on which judgment was given without notice or opportunity to answer and be heard; this petition was not a mere supplemental petition asking the court to decide a case at issue and already heard.

Apart from the fundamental defect noticed, one or two other matters must be mentioned for future guidance. It is the settled law of the State that the statutes authorizing this proceeding do not authorize the court to require a respondent to enter a bond, (we are not dealing with the Act of 1867 which does authorize security) or to deposit money for the performance of the order of support; the power never existed under the earlier acts (see James' Case and Hays' Case, supra) and as the method of enforcing the order originally provided by the 28th section of the Act of 1836 has been repealed (Com. v. Horwitz, 78 Pa. Superior Ct. 383, 385) proceeding by attachment for contempt is now the prescribed statutory method: Section 1013 of the General Poor Relief Act, supra. So, too, there is no authority to make a retroactive order; the statute authorizing the order is prospective in its operation.

At the argument of the appeal, in response to an inquiry from the court, suggested by the averment in the petition that an application had been made in another proceeding for the appointment of a guardian for Rose Harmon, as a feeble minded person, counsel

488

of the appellee, who, we assume, represented both the overseers of the poor and Lucy Jones in the quarter sessions, stated that Rose Harmon was then an inmate of a hospital for the insane in Warren County. It is to be assumed, if further proceedings are had for the support of Lucy Jones, that the effect of the alleged mental condition of Rose Harmon on her status as a party will be given such attention as to result in her proper representation on the record, if necessary, so that her rights may be properly guarded.

The order made on February 7, 1927, on the petition of Lucy Jones is reversed.