## In Re: Proceedings Against Forcey.

294

Argued May 2, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thompson Bradshaw* of *May & Bradshaw,* and *Brosius & Brosius,* for appellant.

*S. C. Pugliese,* and with him *Charles J. Margiotti, W. M. Gillespie, Edward Friedman* and *A. M. Liveright,* for appellee.

Opinion by Trexler, P. J., July 10, 1930:

Margaret Row Forcey presented her petition reciting that her children were of tender age, poor and unable to maintain themselves, that she and the maternal grandparents were of not sufficient ability to do so and that the court should order the paternal grandfather to support them.

The allegations set forth in the petition were supported by evidence. The mother and the grandparents are not able to support the children. An uncle, himself not a man of means but charitably inclined, has

supported them for sometime contributing $125 a month to the support of his sister's family and the minors.

There is interjected into the case a statement that the children have an estate of their own. It is true that their father who died sometime ago did leave an estate, but the evidence is very unsatisfactory as to the amount and as to when it will be distributed and for present purposes we cannot regard it, neither did the lower court.

The grandfather is a man of means and would be abundantly able to pay $125 a month, the amount fixed by the lower court, but this whole amount is not required for the support of the two grandchildren in the station of life in which they are living. We all think $100 would be ample and we will modify the order accordingly.

The order also provides for the payment of the monthly allowance from the date of the filing of the petition. The order should have required payments to be made from the date of the decree. There was no authority in the lower court to order payments to relate back to the date of the presentation of the petition. See Com. v. Herman, 97 Pa. Superior Ct. 453, and cases there cited. The court also in its order required the respondent to enter a recognizance with approved surety in the sum of $5,000, conditioned for his compliance with the order. This part of the matter as is pointed out in The Matter of Lucy Jones, 96 Pa. Superior Ct. 480, is not authorized by law.

The order of the lower court is modified so as to change the sum payable from $125 to $100 per month; the payments to begin from the date of the order and the provision requiring the respondent to enter recognizance is stricken out. The order of the lower court as thus modified is affirmed; the appellant to pay the costs.