## In re Totores.

Robert L. Coughlin, for petitioner; Neil Chrisman, for respondent.

COUGHLIN, J., August 28, 1930.—Victoria Totores having been adjudged a feeble-minded person in 1922, confined in the Retreat Hospital in Luzerne County, of which she was a resident, and being a person of property, respondent was appointed her guardian by the court of common pleas of said county.

The cost of her maintenance was paid to the State of Pennsylvania and the Central Poor District of Luzerne County by her guardian, the respondent, out of her funds in his hands—$7000 balance thereof still remaining. Michael Totores, the husband of Victoria Totores, was likewise supported by the Commonwealth and said poor district at said hospital. Destitute at the time of his admission, and thereafter, he died on July 22, 1929.

This rule is to compel the payment by respondent of maintenance for said Michael Totores out of funds of said Victoria Totores in his hands. The court of quarter sessions alone has jurisdiction to compel support of others by those legally liable for it. Lunacy proceedings are creatures of the common pleas, and the statutes commit to the guardian the management of the estate of the ward. The custody, therefore, of said estate is clearly within the jurisdiction of the court of common pleas appointing said guardian: Komarnicki's Case, 3 D. & C. 603. Where liability exists against one deceased, the orphans' court has jurisdiction: Roberts' Estate, 30 Pa. C. C. 383.

Under the Act of June 13, 1836, P. L. 541, certain persons were made liable for the support of poor and destitute of certain defined relationship at such

rate as the court of quarter sessions should order. Although the said Act of 1836 provided that the court of quarter sessions should order and direct the rate of payment, the legislature enacted the Act of April 15, 1857, P. L. 191, again giving the court of quarter sessions jurisdiction. The Act of April 6, 1905, P. L. 112, added the wife as one liable for the support of a husband; the liability and the rate of maintenance to be fixed by the court of quarter sessions. The Act of June 15, 1911, P. L. 973, provided for the enforcing by attachment of orders made for maintenance by the court of quarter sessions.

The Act of May 14, 1925, P. L. 762, reënacting or modifying said earlier acts, provided in section 1012 as follows: "The . . . wife . . . of every poor person shall at their [her] own charge, being of sufficient ability, relieve and maintain such poor person at such rate as the court of quarter sessions of the county where such poor person resides shall order and direct."

It is apparent that the court of quarter sessions is given jurisdiction to determine the liability for the support of others under these statutes and to enforce the order by attachment. In the case at bar, however, the liability, if any, is against one mentally incompetent, for whom a guardian has been appointed by the court of common pleas, and whose account is within its jurisdiction. It would appear that such an order ought to be made by the court of common pleas for the payment in behalf of another, only after the liability and amount thereof has been established by proceedings in the quarter sessions court as provided by statute. In the present case this liability has never been so established.

Furthermore, the acts in question are entirely silent as to whether an order can be made by the court providing for prior support or past maintenance of others. The words used are: "shall at their own charge . . . relieve and maintain. . . ." Wertz v. Blair County, 66 Pa. 18, has been cited as the authority for payment of back maintenance. In that case an insane pauper was committed to the state lunatic hospital, at the expense of the county, by the quarter sessions as unsafe to be at large. The county having paid for his maintenance, suit to recover from the father, who had sufficient ability to maintain his insane pauper son, was brought. Suit was brought in assumpsit. The Supreme Court said in that case: "There can be no doubt of his ultimate liability, but the question before us is, whether this is the proper form of proceeding. We think not. The proceeding should be in the Court of Quarter Sessions, which by the Acts of 1836 and 1857, have ample powers to make the proper orders and decrees, and to enforce them." The question of jurisdiction rather than past maintenance was the point decided in this case.

There appears no authority in the statutes referred to to make a retroactive order upon the part of the court of quarter sessions. The Matter of Lucy Jones, 96 Pa. Superior Ct. 480, though not directly deciding the point, seems to sustain this view. The statutes authorizing the order are prospective in their operation. Certainly no authority exists for the court of common pleas to make such an order where the liability, as in the present case, rests on the statutes cited.

Under the law as it now stands, the quarter sessions are given jurisdiction to determine the liability of a wife for a husband, fixing the amount thereof and enforcing the same by attachment. Where the person liable is an inmate of a hospital for the insane, the proper representatives of said person should be brought upon the record in order that the rights of such person may be properly guarded. Such an order having been allowed, such representatives may then claim credit in their account before the court of common pleas, but the right to claim credit for money expended in support of others than the

guardian's ward must be predicated on an order of the court of quarter sessions.

There having been no order for maintenance in the present case by the court of quarter sessions, there is no authority upon the court of common pleas to now direct the payment. The liability has never been established as provided by law, nor do we find in the statutes authority for the court of quarter sessions to direct the payment for said past maintenance. For the aforesaid reasons, we enter the following order.

Rule to show cause is dismissed.

From Frank P. Slattery, Wilkes-Barre, Pa.