## In re Wittwer

*John H. Diefenderfer*, for Commonwealth.

*D. M. Garrahan*, for respondent.

HENNINGER, J., July 19, 1937—Theresa Wittwer, an incompetent, was maintained at public expense at the Allentown State Hospital and there was owing to the

Commonwealth for her support up to the time of her death the sum of $626.75. After her death, proceedings were instituted in the Court of Common Pleas of Lehigh County against her husband for the collection of this amount in accordance with the Act of June 1, 1915, P. L. 661, as amended by the Act of April 25, 1929, P. L. 704, 71 PS §1784.

The facts are undisputed that the amount is owing, that the husband (now remarried) is earning $35 per week and that he has no assets of any kind beyond his earning power.

There are two questions involved: (1) Can we take the husband's earning capacity into consideration in determining whether or not to enter judgment against him for the amount due, and (2) can we enter an order upon respondent to make weekly payments in reduction of this order?

In either case ability to pay is a condition precedent for the Commonwealth's obtaining of an order and the burden is on the Commonwealth to plead and prove such ability: Commonwealth v. Allison, 11 D. & C. 18. If that ability to pay is present, the act imposes the liability, which can be judicially established either by the method prescribed in the above-cited act or by any other appropriate proceedings in the common pleas or orphans' court: Harnish's Estate, 268 Pa. 128.

We may enter one of two orders: (1) A definite judgment that respondent is indebted to the State for the amount owing it, or (2) an order for payment from time to time on account of the arrearages due the State.

The first order is impossible, for obviously we cannot make a finding that respondent is of sufficient financial ability to satisfy such a judgment. He has no assets whatever from which it could be collected and earning power is dependent upon so many contingencies of health and industrial conditions that we cannot capitalize it in arriving at respondent's financial ability.

On the other hand, a person earning $35 per week surely ought to be of sufficient financial ability to reimburse the State for the burden it assumed which was primarily the responsibility of her husband. The Commonwealth is, therefore, entitled to a finding by this court as to respondent's financial ability to pay. We make this finding prospective on the basis of what can be paid in the future and not retroactively on what should have been paid in the past, thus satisfying the requirements set under a similar statute: In the Matter of Lucy Jones, 96 Pa. Superior Ct. 480.

We find authority for such an order in Commonwealth v. York Trust Co., 41 York 125, in which an order was made upon a child for the support of its mother after the mother's death.

We make the order we are making in this case, recognizing the limitations upon the Commonwealth in its remedies to enforce the order. Our duty is simply to determine whether or not respondent should pay and not to decide how he may be compelled to comply with our findings. Respondent showed a willingness to coöperate, and we believe the desire on his part to avoid having his deceased wife declared a public charge will be sufficient motive to cause compliance.

And now, July 19, 1937, we do find that Ernest Wittwer, husband of the late Theresa Wittwer, is not of sufficient financial ability to make immediate payment of the sum of $626.75 owing the Commonwealth of Pennsylvania for her maintenance in the Allentown State Hospital, but that he is of sufficient financial ability upon his present earnings to make payments of not less than $3.50 per week upon account of said amount and it is, therefore, ordered and decreed that the said Ernest Wittwer pay to the Commonwealth of Pennsylvania the sum of $3.50 each and every week in reduction of said amount until the same is fully paid or pending the further order of this court.