## Commonwealth v. Ray et al.

*Francis J. Gildner*, for Commonwealth.
*Ira T. Erdman*, for defendant.

HELFRICH, J., April 23, 1945.—Frieda Ebert has been a patient at Allentown State Hospital since December 26, 1941. The Attorney General, acting on behalf of the Department of Revenue, has obtained a rule directing Raymond E. Ebert, her husband, and Clifford Ebert and Gertrude Ray, her children, to show cause why a balance due for past maintenance should not be paid, and a continuing order providing for future maintenance should not be made.

All parties were properly served, but only Raymond E. Ebert, the patient's husband, answered the rule. He

denied liability for the reason that on August 24, 1924, for a consideration of $3,000, his wife by duly recorded written agreement "relinquished any claim against him for further support or maintenance". Other reasons assigned were not pressed at subsequent hearings, and are therefore treated as abandoned. The record discloses no notice of hearing to the respondent children, who did not appear through counsel or in person.

The proceeding is instituted under the fourth section of the Act of June 1, 1915, P. L. 661, 71 PS §1784, as amended. The Commonwealth, for unpaid maintenance charges to January 31, 1945, seeks $641.05, but this balance was reduced to $341.05 by the payment of $300 from a fund of $437, the property of Frieda Ebert, under the control of Clifford Ebert, her son, at Merchants National Bank, Allentown, Pa.

Our first concern relates to the right to order payment of accumulated balances in a proceeding under this section. We do not believe that past maintenance charges may be recovered from parties liable therefor by statute upon mere petition and rule. Such end was achieved in a recent case, In re Hannon, 52 D. & C. 160. Previously, however, in Commonwealth v. Montgomery Trust Co., Trustee, 50 D. & C. 282, a distinction was made between an effort by such means to recover accumulated charges from the property of the person benefited in the hands of a trustee, where it was permitted, and a similar effort to recover from a relative upon whom liability is imposed under the statute. The prior decision of this court, Commonwealth v. Groller, 41 D. & C. 366, decided by our learned colleague, President Judge Henninger; other lower courts, Commonwealth v. Tarras, 89 Pitts. L. J. 285; and the higher courts of this Commonwealth, Keller v. Commonwealth, 71 Pa. 413, in which the reasons are fully set forth; In the Matter of Lucy Jones, 96 Pa. Superior Ct. 480; Commonwealth ex rel. v. Herman, 97 Pa. Superior Ct. 453; In re Proceedings Against Forcey,

99 Pa. Superior Ct. 293, deny the right to make such retroactive order. We prefer to follow in the steps of these decisions.

Since the patient's personal funds are practically exhausted, as her balance on hand will not be sufficient to meet all of the past maintenance charges, we are faced only with the effect of the release upon her husband's liability under the act. No consideration need be given the question of common-law liability, since separation agreements between husband wife, if they are reasonable, were entered into without fraud or coercion, and have been carried into effect in good faith, are upheld by our courts: Singer's Estate, 233 Pa. 55; Lineaweaver's Estate, 284 Pa. 384; Commonwealth ex rel. v. McClenen, 127 Pa. Superior Ct. 471. The agreement has not, in this case, been challenged. However, the liability sought to be imposed is purely statutory: Harnish's Estate, 268 Pa. 128; Boles' Estate, 316 Pa. 179; Erny's Estate, 337 Pa. 542; the only consideration being the financial ability of the respondent: Commonwealth v. Groller, supra. If the latter exists, the statute imposes the liability to the Commonwealth upon the legal status of a party, without regard for the continuance of the family relation, or the personal agreement of the parties themselves respecting legal liability: In re Rosenthal, 18 D. & C. 654.

Furthermore, if financial ability exists, the burden to pay for this patient's maintenance rests upon the respondent husband: Commonwealth ex rel. v. Shannon, 107 Pa. Superior Ct. 557; Commonwealth v. Hoge, 39 D. & C. 564. He is 58 years of age, a bricklayer by trade, earned $1,800 in the year 1944, and owns and occupies a home in a modest, respectable residential district for which he paid $6,800, presently subject to a mortgage of $2,800. His establishment is supervised by a housekeeper, to whom he pays board. In our opinion he has the requisite financial ability to provide a reasonable sum for his wife's maintenance.