## Stoner Estate.

Argued November 25, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John L. Hamaker,* for appellant.

*Harold E. Martin,* with him *T. McKeen Chidsey,* Attorney General, for Commonwealth, appellee.

*S. Richard Harr,* for Lancaster County Institution District, appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1948:

Harriet Stoner, a resident of Lancaster County, died on October 11, 1944, leaving a last will which was duly probated before the Register of Wills for the County. She devised and bequeathed the whole of her net estate to her six children, respectively, in six equal shares. Minnie B. Hess, a daughter of the decedent and a legatee under the will, is the present appellant. She appeals from a final decree of the Orphans' Court of Lancaster County awarding the entire balance for distribution, as shown by the executrices' first and final account, to the Lancaster County Institution District and to the Commonwealth of Pennsylvania in separately specified sums for the reimbursement of the distributees for the support and institutional care of the testatrix's weak-minded daughter, Agnes Zimmerman, and four weak-minded adult grandchildren, being the children of Agnes. For the period of time here relevant Agnes was an inmate of the Lancaster County Institution District's Hospital and the Harrisburg State Hospital where she died on September 5, 1945. Surviving her were her husband, Martin, and five children. Three of the children were inmates of the Lancaster County Hospital. A fourth child, a daughter, Minerva, was in the custody of an agency of the Lancaster County Institution District from October 1936 to July 1943, having been adjudged a neglected and dependent child. The fifth child, another daughter, does not figure in this proceeding.

The proofs show and the court below found that Martin Zimmerman was unable to support his family or provide proper care for them because of his poor health and limited mentality. By an order of the Quarter Sessions Court of Lancaster County, dated May 27, 1938, he had been required to pay four dollars a week to the Children's Bureau for the support of his then minor daughter, Minerva. He complied with that order so long as he continued to work at a job on a W. P. A. project where he was employed for a time. But, upon being

discharged therefrom, he was thenceforth unable to earn a livelihood or to pay anything further on account of the support order with the result that an unpaid balance due under that order accumulated. No other court proceedings to enforce Martin's liability for the support of his indigent wife and children were ever instituted against him. The court below specifically found, and the finding is fully supported by the evidence, that any such further proceeding would have been vain and useless, and a needless expense to the County by way of court costs. Likewise, no proceeding for the support and maintenance of the weak-minded dependents was instituted against Harriet Stoner, the decedent, in her lifetime.

Liability for the support and institutional care of Agnes Zimmerman, the daughter, was imposed by the court below upon the decedent's estate pursuant to the provisions of Section 3 of the Act of June 1, 1915, P. L. 661, 71 PS § 1783,[1] while liability for the support and care of the four weak-minded grandchildren was likewise imposed under Section 3 of the Act of June 24, 1937, P. L. 2045, 62 PS § 1973.[2] That the decedent's daughter and grandchildren were confined to the respective County and State institutions for the periods of time for which claims were made and that the amounts of the claims were correct are admitted facts.

---

[1] Section 3 of the Act of June 1, 1915, P. L. 661, as amended, provides as follows: "The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided".

[2] Section 3 of the Act of June 24, 1937, P. L. 2045, provides as follows: "The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct".

It is the liability of the Harriet Stoner estate for the support and institutional care of the daughter and grandchildren which the appellant disputes, contending in that connection that (1) the Orphans' Court was without jurisdiction of the controversy, (2) jurisdiction of Harriet Stoner's liability for the specified claims was in the Quarter Sessions Court and, not having been availed of in Mrs. Stoner's lifetime, cannot now be invoked, (3) the Orphans' Court was without power to make material findings and an adjudication in the premises, (4) liability for the care and support of an indigent relative attaches in the order of the persons named in the pertinent statutes, and (5) there has been no showing of an exhaustion of remedy against Martin Zimmerman, the husband and father of the indigents, for his cognate liability. As the matters material to contentions (1) and (3) above (relating to the jurisdiction and power of the Orphans' Court) are closely connected, we shall treat with them together.

It is too plain for discussion that the Orphans' Court has jurisdiction of decedents' estates and of all matters pertaining thereto, such as the payment and collection of debts owing by or to a decedent: Sec. 9(e) and (f) of the Orphans' Court Act of 1917. And, no less, valid claims for support are debts of a decedent and, as such, cognizable in an Orphans' Court upon the settlement of the debtor's estate. Section 4 of the Support Law of 1937, as amended, cit. supra, provides that ". . . Any claim for the expenses of support . . . held by any public body or public agency, shall have the same force and effect against the real estate of a deceased indigent person as other debts of a decedent, and shall be ascertained and recovered in the same manner". While we have not been cited any appellate court cases on the question of liability, here involved, as affected by the Act of 1937, supra, there is a decision by a lower court (*Ginder's Estate,* 50 Lancaster L.R. 95 (1946)) whose conclusion we approve and wherein a decedent's (grandmother's) estate was

held liable by the Orphans'.Court of Lancaster County for the maintenance of indigent grandchildren. Under the prior Support Act of 1915 adjudications by Orphans' Courts imposing liability for the support of indigent persons upon the estates of deceased relatives were upheld by both this Court and the Superior Court: see *Brubaker Estate,* 346 Pa. 339, 30 A. 2d 135.; *Boles's Estate,* 316 Pa. 179, 173 A. 664; *Harnish's Estate,* 268 Pa. 128, 110 A. 761; *Geisler Estate,* 76 Pa. Superior Ct. 560. Perhaps, the best statement to. be found in these cases on the matter under consideration is.in *Harnish's Estate,* supra, where it was said at p. 132: "Here the statute imposed a liability upon the father for the. support of his son, and, since the former's death, the. proper forum for its enforcement is the orphans' court; . . . Undoubtedly the liability of living parties in such cases is properly adjudicated in the court of common pleas [Act of 1915]; what we now decide is that where one upon whom the statute has placed the burden [of support] dies, the lack of such [common pleas] adjudication does not prevent the allowance of the Commonwealth's claim by the orphans' court". No logical reason appears why jurisdiction for the enforcement of the duty under the Act of 1937 of supporting indigents should be construed (in the absence of specific statutory direction to the contrary) any differently than it was under the prior Acts. Accordingly, we hold that the Orphans' Court had jurisdiction of the subject-matter of the instant case and the power to adjudicate all related issues of fact or law.

The appellant next contends that the decedent's liability for the support and care of her indigent daughter and grandchildren arose in her lifetime and should, therefore, have been imposed upon her by due proceedings in a court of Quarter Sessions. This contention, she bases on the fact that Section 2 of the Act of 1937, supra, vests jurisdiction for the enforcement of liability for support in the Courts of Quarter Sessions, Family

Court of Philadelphia County [3] and the County Court of Allegheny County. But, that provision was not intended to embrace any more than a designation of the courts competent to hear and determine claims, under the statute, against living persons for support. It was not intended as a divestment of the Orphans' Court's jurisdiction to adjudicate claims for support against the estates of deceased persons liable therefor. Nor is an order of support by a court of Quarter Sessions in the lifetime of the person liable a prerequisite to imposition of the liability by the Orphans' Court upon the estate of such person after death. The law in that regard is no different under the Act of 1937 than it was under the Act of 1915. For a clear statement thereof see quotation from *Harnish's Estate*, supra. In that case as well as in *Brubaker Estate* and *Geisler's Estate*, supra, claims for the maintenance of dependents were allowed in the Orphans' Court against the estates of decedents although no adjudication of the liability had been made by a coördinate court of competent jurisdiction (Common Pleas under the Act of 1915) prior to the death of the persons liable; see also *Ginder's Estate*, supra, which arose under the Act of 1937.

The contention that the liability for support among the relatives made responsible by the statutes is in the order in which they are therein named is of no present moment. Ability to pay is, of course, essential to the effective enforcement of the liability : see *Commonwealth of Pennsylvania, Department of Public Assistance v. Hornacek*, 347 Pa. 596, 600, 32 A. 2d 761. In *In Re: Proceedings Against Forcey*, 99 Pa. Superior Ct. 293, 295, liability for support was imposed upon persons other than those first named in the statutes who were still living. What a court should do as to imposing the statu-

---

[3] The Act creating the Family Court of Philadelphia County was declared unconstitutional in *Commonwealth ex rel. v. Sutton*, 327 Pa. 337, 193 A. 250.

tory burden where two persons in different degrees of responsible relationship to the indigent are each financially able to pay for the required support is a question not now before us. In the instant case, there is an estate of an answerable relative with funds sufficient to pay for the support and no one in any closer degree of relationship to the indigents able to do so.

The Act of 1937 provides, in part here material, that "The . . . grandparent . . . of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person . . .".[4] And, likewise, the Act of 1915 subjects a "mother", among others, to liability for the maintenance and support of her indigent children. It is clear, therefore, that Mrs. Stoner was liable for the support and care of her indigent daughter and grandchildren; and, it is equally clear that her estate possesses funds sufficient to pay the claims of the Institution District and of the Commonwealth for the support which they furnished the indigents. On the other hand, the remedies against Martin Zimmerman for his statutory liability for the same support were, for all practical purposes, exhausted. Such was the conclusion correctly drawn by the learned court below from its supportable findings of fact that Martin was incapable of earning his living or of providing any support for his family and that any further court proceedings to enforce his liability would have been vain and useless.

The appellant has also filed several assignments of error complaining of certain findings of fact made by the court below but has not argued them either in her printed brief or at bar. They will, therefore, be taken as abandoned: *Beach's Estate,* 324 Pa. 142, 188 A. 108.

The decree is affirmed at the costs of the estate.

---

[4] The Act of May 23, 1945, P. L. 864, 62 PS § 1973, eliminated grandparents from those designated as liable for the support of indigent relatives.