## Commonwealth v. Aquilino

*Martin B. Ebbert*, for plaintiff.

*H. Oscar Ruby*, for defendant.

SHERWOOD, P. J., April 5, 1948.—The Commonwealth by and through Martin B. Ebbert, representative for the Department of Justice, acting for and on behalf of the Department of Revenue of the Commonwealth of Pennsylvania and authorized by the Attorney General of the Commonwealth of Pennsylvania, brought this action in assumpsit to recover from defendant $858.89 for the amount expended by the Commonwealth from September 22, 1944, to May 12, 1947, for the support of defendant's adult daughter, a patient at Harrisburg State Hospital at Harrisburg, Pa., during the aforementioned period, which defendant has neglected and refused to pay after demand.

The following facts averred in the complaint must be accepted as true: The daughter, being a resident of the City of York, Pa., and a daughter of defendant, was on September 22, 1944, admitted to the Harrisburg State Hospital at Harrisburg, Pa., and was a patient there continuously until May 12, 1947, on which date she was paroled. She is not at the present time a patient of the hospital. During the period of her confinement in said Harrisburg State Hospital, the Commonwealth of Pennsylvania expended for her care and maintenance at said hospital the sum of $943.23. The Commonwealth of Pennsylvania from time to time made demands upon defendant, father of the patient, for payment of the cost of her care and maintenance, and said defendant on January 28, 1946, paid on account of said claim the sum of $84.34, leaving a balance due of $858.89, which amount is still unpaid. Defendant owns three properties with the improvements thereon erected, situate on the south side of and known as Nos. 128, 130 and 132 East Princess Street in the City of York, York County, Pa., and a property with the improvements thereon erected, situate on the west side of and known as No. 318 South Duke Street, also in the City of York, York County, Pa. that said properties are assessed in the name of defendant for tax purposes in the total sum of $5,000 and are free and clear of liens and encumbrances, that said defendant conducts a shoe repair business at No. 130 East Princess Street, York, Pa., that defendant is of sufficient financial ability to pay for the maintenance of his daughter at the Harrisburg State Hospital.

Defendant, after service of the complaint in assumpsit upon him, filed a preliminary objection to the complaint in the nature of a demurrer raising questions of law and alleging: (1) That the suit was improperly brought against defendant because the Commonwealth failed to comply with the Act of June 1, 1915, P. L. 661, as amended; (2) that the Commonwealth had not ob-

tained any order from the Court of Common Pleas of York County against defendant fixing his liability to pay said claims; (3) that the Commonwealth before maintaining any suit must have presented to the court of common pleas a petition asking the court to make an order on defendant for the support of his daughter and determining defendant's ability to pay for such support, and (4) that no attempt had been made to collect this claim from the daughter.

Plaintiff filed an answer to said preliminary objections and requests that the demurrer be dismissed and defendant be required to file an answer to the complaint.

A similar question arose in the case of Commonwealth v. Groller, 41 D. & C. 366, where Judge Henninger said:

"The obligation sought to be enforced in this action arises under the Act of June 1, 1915, P. L. 661, and its amendments and supplements, 71 PS 1781 to 1788. We are not concerned with sections 1, 2, 5, 6, 7, or 8, 71 PS 1781-82, 1785-88. Section 3 of that act, 71 PS 1783, provides in part:

" 'The husband, wife, father, mother, child or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided.'

"Section 4 of said act, 71 PS 1784, provides that the court of common pleas of the county of the residence of the inmate shall, upon the application of the Department of Justice, make an order for the payment of maintenance upon, *inter alia*, the wife of any person so maintained, the order to be in such amount '. . . as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance . . .'

"There is no doubt that, so far as future maintenance is concerned, an order can be made only upon strict compliance with section 4, 71 PS 1784, and that, in proceedings under that section, no order may be made for past maintenance: Keller v. Commonwealth, 71 Pa. 413; In the Matter of Lucy Jones, 96 Pa. Superior Ct. 480; Commonwealth ex rel. v. Herman, 97 Pa. Superior Ct. 453; In re Proceedings against Forcey, 99 Pa. Superior Ct. 293.

"It has been held, however, that section 3 of the Act of 1915, 71 PS 1783, creates a statutory obligation on the part of the named relatives to reimburse the Commonwealth and that this obligation now is a quasi-contractual one (Erny's Estate, 337 Pa. 542, 545) and can be enforced as any other quasi-contract action. While the words in section 3, 'as hereinafter provided', might at first sight seem to imply that liability must first be established under section 4 of the act, it has been authoritatively interpreted otherwise, so that there is presently no question of its meaning: Harnish's Estate, 268 Pa. 128, 131; Geisler's Estate, 76 Pa. Superior Ct. 560, 562.

"Since the liability is one that did not exist at common law, is not a primary obligation but in the nature of a suretyship, and is one created by statute, the act must be strictly construed: Boles' Estate, 316 Pa. 179, 182; Erny's Estate, supra. Under section 3 of the Act of 1915, two conditions must be fulfilled before liability attaches, viz, a named relationship to the indigent person and that the person is legally able to pay: Commonwealth v. Adas, 77 Pitts. 128; Commonwealth v. Allison, 11 D. & C. 18, 19.

". . . The distinction between past or future maintenance may be important, so far as the remedy for enforcement is concerned, but we are convinced that in either case there is no enforcible obligation unless the person sought to be charged is, in the discretion of

the court, financially able to make such compensation, without incurring undue personal privation."

In the case of Commonwealth v. Law, 55 D. & C. 698, Judge Knight reached the same conclusion as did Judge Henninger in the Groller case, supra. See also Commonwealth v. Ray, 55 D. & C. 408.

Accepting as true the averments of the complaint, we have a named relative within section 3 of the act and an allegation of his financial ability to pay, together with an allegation of the inability of the indigent insane daughter to pay, for the services rendered by the Commonwealth. We conclude, therefore, under the above authorities that an action in assumpsit is the proper remedy to enforce the claim of the Commonwealth for reimbursement against defendant for the past support of his indigent, insane daughter at the Harrisburg State Hospital, Harrisburg, Pa.

The fourth objection made by defendant is that no attempt has been made to collect said claim from the daughter. This again is a matter not properly raised by defendant in a preliminary objection raising questions of law, but is a question of fact to be determined at a trial of the case. Plaintiff has averred in paragraph 5 of its complaint that to the best of its belief the daughter owns no property, real or personal, and has no income of her own. If defendant disagrees with this averment, he has an opportunity to deny it in his answer to the complaint and to thus raise an issue of fact.

It follows that the preliminary objections in the nature of a demurrer raising questions of law must be decided against defendant with a direction to answer on the merits within 20 days.

And now, to wit, April 5, 1948, it is ordered, adjudged and decreed that the preliminary objections in the nature of a demurrer raising questions of law are decided against defendant, and the demurrer is

overruled, and it is further ordered that defendant file an answer on the merits to the Commonwealth's complaint within 20 days from the date of the filing of this decree.