## Commonwealth v. Morton

*D. D. Goff*, for plaintiff.

*R. Rosenthal*, for defendant.

FLOOD, J., March 21, 1949.—This is an action in assumpsit, tried without a jury and brought by the Commonwealth of Pennsylvania against Margaret T. Morton to recover the amount of $2,896.58, with in-

terest from date of suit, said amount being claimed as the charge of maintenance and care of Adam Morton, deceased, son of defendant, Margaret T. Morton, in Norristown State Hospital, a State owned and operated institution.

There is no dispute of fact. The sum of $2,896.58 was expended by the Commonwealth in the maintenance and care of Adam Morton from September 20, 1935, to December 16, 1947. Adam Morton, the son of defendant, left no estate wherewith to pay the claim. Defendant owns premises 6309 North 21st Street, Philadelphia, which is unencumbered and has an assessed value of $5,300, but she is without earning power or income other than small pensions received by herself and her husband.

Since Adam Morton left no estate to pay the debt, the liability therefor devolves upon defendant, his mother, under the Act of June 1, 1915, P. L. 661, and the Act of July 11, 1923, P. L. 998, as amended, provided she is financially able to pay the charge.

Defendant asserts the defense that she is not liable because she is unable to pay, being 84 years old and without earning power or source of income other than meager pensions which she and her second husband, aged 80, receive. In support of this argument she cites the cases Anspach's Lunacy, 47 Pa. C. C. 671 (1919), and Commonwealth v. Groller, 41 D. & C. 366 (1941).

These and other similar cases state that ability to pay on the part of the party charged is essential to enforce the statutory liability here involved. See Stoner's Estate, 358 Pa. 252, 258 (1948); Commonwealth v. Ray, 55 D. & C. 408, 410 (1945). But in the instant case defendant does have an asset out of which payment may be made. It is not proposed to render her destitute by a forced sale of the property. The Commonwealth expressly agreed at the trial that a

stay of execution during the lifetime of defendant and her husband should be granted as to any judgment rendered. Such an arrangement is more than fair since the estate of defendant would undoubtedly be liable for the claim upon her death: Stoner's Estate, 358 Pa. 252 (1948). This would be so even if she were survived by her husband whose interest would be subject to the debts of the estate.

Under these facts judgment must be entered for plaintiff in the amount of $2,896.58, with interest from July 2, 1948. An order will issue to stay execution of the judgment until the death of defendant and of her husband.

And now, March 21, 1949, the court finds for plaintiff and against defendant in the sum of $3,021.62.

Eo die, execution is stayed upon any judgment entered upon the above finding during the lifetime of Margaret T. Morton, defendant, and of Edward F. Morton, her husband.