## Commonwealth v. Schmidt et ux.

*Francis J. Gildner*, for Commonwealth.
*Butz, Steckel, Hudders & Rupp*, for defendants.

HENNINGER, P. J., July 18, 1949.—This case is an action in assumpsit tried without a jury. Plaintiff claimed of defendants the sum of $2,382.17 for a balance due the Commonwealth for the support of defendants' minor son at the Allentown State Hospital from May 11, 1938, to June 24, 1948. Defendants denied ability to pay.

After hearing the case and considering the testimony taken and admissions in the pleadings, the court makes the following

*Findings of Fact*

1. Plaintiff is the Commonwealth of Pennsylvania, through the Department of Justice, acting for and on behalf of the Department of Revenue.

2. Defendants, Lawrence Schmidt and Mary Schmidt, are husband and wife and reside at 124 Donald Street, Allentown, Lehigh County, Pa.

3. Ralph Schmidt is the son of defendants and had been a patient at the Allentown State Hospital from May 11, 1938, to June 24, 1948, on which latter date he was discharged.

4. Ralph Schmidt is now 17 years of age.

5. Defendant Lawrence Schmidt is now 53 years of age.

6. Defendant Mary Schmidt is now 58 years of age.

7. The costs of care and maintenance of Ralph Schmidt at the Allentown State Hospital amount to $3,141.74 on account of which there was paid the sum

of $795.57, leaving a balance due to the Commonwealth of $2,382.17.

8. Ralph Schmidt has no property or assets of his own.

9. The Allentown State Hospital is an institution maintained wholly by the Commonwealth of Pennsylvania.

10. Defendant Lawrence Schmidt is employed as a plant guard at Arbogast & Bastian with an average take-home pay of $57 a week.

11. Defendant Mary Schmidt is not employed and has no income.

12. Defendants, Lawrence Schmidt and Mary Schmidt have no income other than the weekly wages of Lawrence Schmidt.

13. Ralph Schmidt was discharged from the Allentown State Hospital because nothing more could be done for him at that institution.

14. Ralph Schmidt is now residing at the home of his parents, defendants, and they are the sole persons to take care of him, both physically and financially.

15. Ralph Schmidt is still in such a state that he can do no work around the house; he cannot read or write; all he can do to pass the time is to listen to the radio or color picture books, and that when coloring books he cannot keep within the lines; he has a temper and will strike from the rear if not watched.

16. Ralph Schimdt is still in need and will continue to be in need of medical care for which defendant Lawrence Schmidt must pay.

17. Ralph Schmidt recently underwent an operation for tonsils and adenoids, which was paid for by defendant Lawrence Schimdt.

18. Defendant Lawrence Schimdt has no debts other than the obligation for just maintenance of Ralph Schmidt.

19. During the entire time Ralph Schmidt was in the Allentown State Hospital defendant Lawrence Schmidt paid $4 per month, per an arrangement made with the authorities at that institution, and he was never told he would have to pay any more until the date Ralph Schmidt was discharged.

20. Defendants Lawrence Schmidt and Mary Schmidt own the premises at 124 Donald Street, Allentown, Pa., as tenant by the entireties, which premises have a value of $2,000.

21. No. 124 Donald Street, Allentown, Pa., is a small frame house, with siding, on a lot 15 by 76 feet, without a garage and with no real exit on an alley.

22. Defendants by reason of their ownership of their home free and clear of all encumbrances and of defendant Lawrence Schmidt's salary of $57 per week net are legally able to make partial payment of the balance due plaintiff if given time to make installment payments.

## *Discussion*

In a series of cases the responsibilities of relatives for support of indigent wards of the State in State-owned institutions, under the Act of June 1, 1915, P. L. 661, 71 PS §1781 ff., have been clarified. It would appear that liability for future support should be litigated by petition and rule in the court of common pleas, that against the estates of decedents in the orphans' court and that for past maintenance against living relatives by complaint in assumpsit in the court of common pleas: In re Stoner's Estate, 358 Pa. 252, 257, and cases therein cited; Commonwealth v. Groller, 41 D. & C. 366.

In Chesney's Estate, 47 D. & C. 261, 264, it was held that the ward and his estate are primarily liable for his support, but that there is no difference of degree in the liability of those secondarily liable. The former proposition is no longer the law: Commonwealth v.

Zommick, 362 Pa. 299. The latter proposition was also discussed, but not decided in Stoner's Estate, supra, p. 258, nor in the Zommick case, supra. The principle becomes of importance in this case because the Commonwealth seeks to bind in a single action the father and the mother of the ward. The Commonwealth is not aided by that part of section 3 of said act (71 PS §1783) which refers to tenancies by entireties, because that applies only when one of such tenants is the one maintained by the State.

It has been held in a well considered opinion by our former colleague, Judge Helfrich, that the liability is statutory and that it is determined solely by the legal status of the parties and not by any common-law rules relating to liability for support: Commonwealth v. Ebert (incorrectly titled Commonwealth v. Ray et al.) 55 D. & C. 408, 410. It follows, therefore, that although at common law the liability of the father for the support of his son might have been paramount to that of the mother, under the statute both are so liable and without any limitation as between one or the other.

Regardless of relationship, however, ability to pay is a condition precedent to the entry of judgment against the relatives of an indigent ward of the State: Commonwealth v. Groller, supra, p. 369; Commonwealth v. Stewart, 61 Montg. 257; Commonwealth v. Lahovski, 29 North. 373. Each case must stand on its own facts in the matter of ability to pay, and precedent—in the terms of dollars and cents—is of little value, because the factors involved present so many different facets in each case.

In this case, we have a husband 53 years old and a wife, 58 years old, living in their very modest home— admitted to be worth $2,000 and free of encumbrance —supporting and caring for in their home a mentally limited and dangerous 17-year-old son. The family income is $57 per week earned by the husband after with-

holding tax and social security. For 10 years the Commonwealth supported the son and during that period while the father was paying only $1 per week for his son's support, he acquired a home which is now free of encumbrance.

To be confronted with an obligation of $2,382 may well be appalling, but the situation does not begin to compare with the Groller case in which a wife 50 years of age supported two children on her earnings of $7.50 per week while her husband was a patient in the State hospital and in which we held that the ownership of an unencumbered home was not conclusive of her ability to pay.

Defendants have offered to pay $300 at the rate of $1 per week. The Commonwealth has called our attention to the case of Commonwealth v. Morton, 68 D. & C. 1, in which Judge Flood employed the device of judgment for the Commonwealth with a stay of execution during the responsible relative's lifetime—in that case a woman 84 years old. We believe that a judgment for a reduced amount which defendants can reasonably be expected to pay during the husband's period of high earning power will best serve both Commonwealth and defendant.

In our opinion the sum of $1,000.00 payable at the rate of $20 per month would be fair to both parties. This may indeed require management and economy; it should not cause hardship or privation. Any less payment would be unfair to the many persons in poorer circumstances who are paying regularly for the maintenance of their relatives in State institutions.

In making the proposed order we have considered in defendants' favor their present maintenance of their son with its burdens and dangers and have considered all possible future contingencies. They are, however, only contingencies and cannot interfere with the Com-

monwealth's rights under the parties' present circumstances.

We have adopted defendants' requests for findings of fact verbatim excepting for requests 23 and 24, which are cumulative and request 22 asking us to find defendants not legally able to make any payment. Defendants' requests for conclusions of law have been rejected almost in their entirety because they seek judgment for defendants, with which we cannot agree.

We base our decision upon the following

### Conclusions of Law

1. Defendants, husband and wife, being relatives named in the Act of June 1, 1915, P. L. 661, sec. 3, 71 PS §1783, are, if legally able to do so, each liable for the support of their son in Allentown State Hospital, a State institution.

2. The term "legally able to do so" as used in the act means "financially able to do so".

3. Neither payment on account of the support of the son while he was a patient in a State institution nor the fact that defendants are presently caring for the son is a defense to the State's demand for the balance due it.

4. Defendants may be financially able to make partial payment and not financially able to make payment in full of the Commonwealth's demand.

5. An order will be made to the extent of the court's determination of defendant's ability to pay.

6. Unless exceptions are filed hereto within 30 days after service of the following order on defendants' counsel, judgment will be entered in favor of Commonwealth of Pennsylvania, Department of Revenue, and against defendants Lawrence Schmidt and Mary Schmidt in the amount of $1,000, with stay of execution provided defendants pay on account of the judgment not less than $20 per month beginning 30 days after entry of final judgment.

342

Now, July 18, 1949, the foregoing decision is ordered filed and the prothonotary is ordered to serve notice of its filing upon counsel for both parties and if no exceptions are filed thereto within 30 days of that notice, judgment may be entered in favor of the Commonwealth of Pennsylvania, Department of Revenue and against defendants, Lawrence Schmidt and Mary Schmidt in the amount of $1,000, with stay of execution provided defendants pay on account of the judgment not less than $20 per month beginning 30 days after entry of final judgment.