## Abernathy v. Chester County Tax Claim Bureau

*Allen O. Olin*, for petitioner.

*James E. O'Neill, Jr.*, for respondent.

GAWTHROP, P. J., November 27, 1961.—This is a rule to show cause why Chester County Tax Claim Bureau should not pay over to the Department of Public Welfare in reimbursement of public assistance

grants the balance of proceeds of sale for delinquent taxes of real estate formerly owned by recipients of the grants. No answer was filed and after argument the matter is before us for decision. The prayer of the petition must be denied.

From the allegations of the petition the following facts appear. The Department of Public Welfare made public assistance payments to H. Mancil Abernathy and wife totalling $1,124.67. On September 12, 1960, Chester County Tax Claim Bureau sold their real estate at tax sale for delinquent taxes for the sale price of $1,250. After payment of the tax delinquencies and costs of sale a balance of $1,032.59 remains in the hands of the bureau, which amount counsel for the department has requested counsel for the bureau to pay over to him, on behalf of the department, but payment thereof has been refused. The petition, signed and sworn to by counsel himself, rather than by an officer of the department, sought a rule on the bureau to show cause why it should not pay over to counsel, on behalf of the department, the balance remaining in its hands, assigning the provisions of the Act of June 24, 1937, P. L. 2045, sec. 5(b), 62 PS §1975(b), as authority therefor. While the petition and rule might be dismissed as being improperly executed by counsel, instead of by an authorized representative of the department, we shall dispose of it on the merits because of the important legal principle involved. We are satisfied that the court of common pleas has no power or authority to act in this proceeding.

The terms of sections 2 and 3(b) of the Act of 1937, supra, called "The Support Law," provide that the courts of quarter sessions of the various counties, the Municipal Court (now the County Court) of Philadelphia County, and the County Court of Allegheny County shall have power to hear, determine and make orders and decrees upon the petition of any public

body or public agency having any interest in the care, maintenance or assistance of indigent persons. The express terms of section 3(b) of the act authorize the court of quarter sessions to make appropriate orders and decrees (Dept. of Public Assistance v. Herwig, 86 D. & C. 106), and the jurisdiction of the orphans' court to adjudicate claims against decedents' estates for reimbursement of support payments where the claim is against the estate of one upon whom the law has cast the obligation of support, is not divested by the provisions of sections 2 and 3(b): Stoner Estate, 358 Pa. 252. But the question remains whether the court of common pleas may act on petition and rule in these circumstances.

After providing in section 4 that the real and personal property of any person shall be liable for the expenses of the support, maintenance and burial of himself, his spouse or his minor children incurred by any public body or agency, subject to certain limitations, the act further provides in section 5(a) and (b) for recovery of moneys in reimbursement for public funds expended in the care of indigents as follows:

"(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person:

"(b) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due such person. If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in the judgment. If the sum due is founded on an order or decree of

court, the public body or public agency shall have the right to recover the same."

Section 5(a) creates a new right of action directly against the holder of funds due the indigent. Section 5(b) not only establishes the parties plaintiff in the "suit" but also makes three substantive provisions: (1) Proof of assistance granted to the indigent to whom money is due is conclusive of the public agency's right to recover; (2) if the amount due has been reduced to judgment the public agency may be named as plaintiff in the judgment, and (3) if the sum due is founded on an order or decree of court the public agency shall have the right to recover it. The act is silent as to the means of enforcing the right to recover. But the department asserts that an order or decree entered on the present petition makes the sum due "founded on an order or decree of court" and entitles it to recover in this type of proceeding. We cannot adopt that view.

Blum's Estate No. 1, 38 D. & C. 588, and Jacobs Estate, 72 D. & C. 504, cited in support of the department's claim, are based upon the broad jurisdiction and authority of the orphans' court. Recovery was properly allowed in each of those cases: Stoner Estate, supra. We concur with the view expressed by Judge Lansberry in the Herwig case, supra, that section 3(b) authorizes the proceeding there brought in the court of quarter sessions and supports the order made. But we respectfully differ with that part of the opinion holding that the provisions of section 5(a) that a public agency "may sue for and recover any sum of money due such person" does not require that an action in assumpsit be brought in the court of common pleas in other circumstances. Where the orphans' court or the court of quarter sessions has jurisdiction of both the fund involved and the parties in interest, recovery may be allowed without a prior action in assumpsit to establish liability and the amount due: Stoner Es-

tate, supra; Herwig case, supra. But there is no statutory authority to proceed for recovery of money in the court of common pleas except as provided in section 5(a) and (b) of the act, and that court has no general jurisdiction of an action for recovery of money except in assumpsit against the indigent persons themselves or their representatives. Cf. Dept. of Public Assistance v. Kane, 38 D. & C. 608.

The effect of section 5(a) and (b) of the act is to permit a "suit" to be brought directly against the person or entity from whom moneys are due to indigent persons, to recover such amount for the use and benefit of the department, making it unnecessary to proceed in assumpsit against the indigent persons. But, in our view, the legislature never intended that the same result might be obtained by petition and rule upon the holder. While its entry is not averred in the petition and the question is not raised by counsel in argument, we think the effect of the order of confirmation entered on the return of the real estate tax sale is to make the sum due "founded on an order or decree of court." But, in the absence of some procedural authority therefor, the provisions of the final sentence of section 5(b) establish only "the right to recover" the "sum due" rather than the *means of enforcing* that right.

While in construing a constitutional provision establishing a uniform statute of limitations, the word "suit" has been given its broadest meaning, so as to include a petition to the court of quarter sessions for appointment of a jury of view (cf. In re Grape Street, 103 Pa. 121), we think the legislature intended that a more restricted meaning be given it in providing a new right of action by a public agency directly against a third party for reimbursement of public funds, even though the action is for the public benefit. Had it intended the meaning the department contends for, it

could, and no doubt would, have provided that, since proof of assistance granted is conclusive of the department's right to recover, and also that, if the sum due is founded on an order or decree of court, the department has the right to recover the same, the court of common pleas might enter the order sought on petition of the department setting forth the facts. But instead, it created a special remedy applicable only to a particular type of claim, permitting the department to "sue for and recover" directly against the holder of the fund the amount due by "suit brought in the name of" the indigent for the department's use. We are not here concerned with, and do not decide, whether some other means of enforcing the department's rights may be available to it. We determine only that the act does not authorize enforcement of the right to recover merely on petition and rule.

And now, November 27, 1961, the prayer of the petition is denied and the petition is dismissed without prejudice to the Department of Public Welfare of the Commonwealth of Pennsylvania to proceed further in accordance with the views herein expressed.